Michael J. Shavel, Esquire
HILL WALLACK, LLP
777 Township Line Road, Suite 250
Yardley, PA 19067
Phone (215) 579-7700
Fax (215)579-9248
mshavel@hillwallack.com

*Local Counsel to Defendant Festo Didactic, Inc.*

Gregory F. Hauser, Esquire
WUERSCH & GERING LLP
100 Wall Street, 10th Floor
New York, NY 10005
Phone (212) 509-5050
Fax (212) 509-9559
gregory.hauser@wg-law.com

*Counsel to Defendant Festo Didactic Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE**

| | |
|---|---|
| USI INTERNATIONAL INC. <br><br> Plaintiff, <br><br> vs. <br><br> FESTO DIDACTIC INC., <br><br> Defendant. | CIVIL ACTION NO.: 3:15-CV-08451-MAS-TJB |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND THROUGH FOURTH CLAIMS OF THE <u>COMPLAINT</u>**

# TABLE OF CONTENTS

Preliminary Statement ..........................................................................................2

Argument  ............................................................................................................2

Conclusion ..........................................................................................................4

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                      **PAGE(S)**

*Alexander v. CIGNA Corp.,*
  991 F. Supp. 427 (D.N.J. 1997) ........................................................................3, 4

*Angrisani v. Capital Access Network, Inc.,*
  175 Fed. Appx. 554 (3d Cir. 2006) ......................................................................3

**RULES**

Fed. R. Civ. P. 9(b)   ..................................................................................4

Michael J. Shavel, Esquire.
HILL WALLACK, LLP
777 Township Line Road, Suite 250
Yardley, PA 19067
Phone (215) 579-7700
Fax (215) 579-9248
mshavel@hillwallack.com

*Local Counsel to Defendant Festo Didactic, Inc.*

Gregory F. Hauser, Esquire
WUERSCH & GERING LLP
100 Wall Street, 10th Floor
New York, NY 10005
Phone (212) 509-5050
Fax (212) 509-9559
gregory.hauser@wg-law.com

*Counsel to Defendant Festo Didactic Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | |
|---|---|
| USI INTERNATIONAL INC. | CIVIL ACTION NO.: 3:15-CV-08451-MAS-TJB |
| Plaintiff, | |
| vs. | |
| FESTO DIDACTIC INC., | |
| Defendant. | |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND THROUGH FOURTH CLAIMS OF THE <u>COMPLAINT</u>**

## Preliminary Statement

Plaintiff is in essence asking the Court to rescue Plaintiff from its own inattention to the pleading rules.   Defendant does not dispute that Plaintiff, theoretically, may plead in the alternative.   Defendant does dispute that Plaintiff has done so in a legally cognizable manner; simply stating one set of facts and then trying to attach a series of contractual, quasi-contractual and tort claim labels without satisfying the varying requirements for essential elements simply does not accomplish the task.   Plaintiff's second through fourth claims should therefore be dismissed.

## Argument

· In defending its second claim, for breach of the implied covenant of good faith and fair dealing, Plaintiff argues that it has alleged a term outside of those in the contract it claims was breached.   Opp. Brief at 10.   But Plaintiff is ignoring its own pleading and is apparently asking the Court to do the same.   The allegation Plaintiff now claims is outside the contract (the alleged obligation to obtain consent from the government of Oman to pay Plaintiff a commission, *id.*) is in fact identical to a term Plaintiff specifically alleged was among the express terms of the parties' contract and among those breached as a basis for its first claim for breach of contract.   Compl. ¶ 34.   The second claim for breach of the implied covenant of

2

good faith and fair dealing thus remains nothing more than a duplicate of the claim for breach of the contract's express terms and must be dismissed.

· Similarly, Plaintiff attempts to argue that its claim for unjust enrichment adds an allegation beyond those allegations supporting the claim for breach of contract. Again, Plaintiff is speaking much more of how it wished it had written its Complaint rather than how it actually did. The allegation of services rendered that Plaintiff claims is novel in the unjust enrichment claim is most definitely not. It was explicitly recited as part of the main claim (Compl. ¶¶ 7, 17, 22 & 31) (ostensibly as evidence of consideration and performance by Plaintiff). Thus, the allegation of having provided services was not added as part of the unjust enrichment claim but only repeated from the breach of contact claim. Moreover, Plaintiff all but admits that its formulaic repetition of all the preceding allegations by itself defeats the unjust enrichment claim. Opp. Brief at 14. As a result, the third claim for unjust enrichment must be dismissed.

· Plaintiff has also been unable to rescue its fraudulent inducement claim. First, a statement that a payment would be made in the future (Opp. Brief at 16), without any allegation of present intent not to do so, does not qualify as "a material misrepresentation of a presently existing or past fact", which Plaintiff concedes is an essential element. *See, e.g., Angrisani v. Capital Access Network, Inc.,* 175 Fed. Appx. 554, 556 (3d Cir. 2006) (*citing Alexander v. CIGNA Corp.,* 991 F. Supp.

427, 435 (D.N.J. 1997).  Failing to pay when a commission is due is breach of contract, not fraud, or every failure to pay when a bill comes due would support a tort claim, which is most certainly not the law.   Second, the promise to pay was definitely a contract term (*e.g.,* Compl. ¶¶ 3, 7 & 12), so the economic loss doctrine applies to the extent alleged misrepresentations about payment are part of the fraud claim.  Third, there is none of the requisite Rule 9(b) specificity for the alleged misrepresentation concerning compliance with FMS rules and regulations; Plaintiff does not identify any of who, when, where or to whom the statements were allegedly made (Compl. ¶ 51), and Plaintiff has alleged that this was an express obligation within the contract (*id.* ¶ 34), so arguing that it was outside the contract (Opp. Brief at 17-18) is, to put it gently, disingenuous.  Finally, Plaintiff has not even attempted to address the concern raised in the moving papers about the lack of any allegation of scienter or of any statements that preceded the contract, without which there could have been no inducement to enter the alleged contract. Accordingly, Plaintiff's fourth claims for fraudulent inducement must also be dismissed.

## Conclusion

For all the foregoing reasons and those set forth in the moving papers, Plaintiff's Second through Fourth Claims should be dismissed in their entirety.

Dated: February 9, 2016

Respectfully submitted,

By:   /s/ Michael J. Shavel
Michael J. Shavel
(mshavel@hillwallack.com)
**HILL WALLACK LLP**
777 Township Line Road, Suite 250
Yardley, PA 19067
Telephone: (215)579-7700

*Local Counsel to Defendant*
*Festo Didactic, Inc.*

Gregory F. Hauser, Esq.
gregory.hauser@wg-law.com
**WUERSCH & GERING LLP**
100 Wall Street, 10th Floor
New York, NY 10005
Phone (212) 509-5050
Fax (212) 509-9559

*Counsel to Defendant*
*Festo Didactic, Inc.*