**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

June 6, 2016

**LETTER ORDER**

Re:   **USI International Inc. v. Festo Didactic Inc.**
      **Civil Action No. 15-8451 (MAS)**

Dear Counsel:

The Court has reviewed both parties' recent correspondence regarding whether a Rule 16 conference should be held or if discovery should be stayed until a decision is rendered on Defendant's pending motion to dismiss. As the parties are aware, the Court has broad discretion in deciding case management issues such as this. *See Gerald Chamles Corp. v. Oki Data Americas*, *Inc.*, Civ. No. 07-1947 (JEI), 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues[.]") Indeed, it is well settled that the appropriate scope of discovery and the management of requests for discovery are left to the sound discretion of the Court. *See Salamone v. Carter's Retail, Inc.*, Civil Action No. 09-5856 (GEB) 2011 WL 310701, *5 (D.N.J. Jan. 28, 2011); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (finding that conduct of discovery is committed to sound discretion of Court).

The Court examines Defendant's request for a stay under the factors set forth in *Actelion Pharm. Ltd. v. Apotex Inc.*, No. CIV. 12-5743 NLH/AMD, 2013 WL 5524078 (D.N.J. Sept. 6, 2013). These factors include: (1) whether a stay would unduly prejudice or present a clear

tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set. *Id*. at 3-6. The Court finds that on balance, these factors support maintaining a discovery stay in this matter.

First, there is no reason to believe that Plaintiff will be unduly prejudiced or subject to a clear tactical disadvantage if discovery is stayed. In reaching this conclusion, the Court notes that Defendant's motion has been fully briefed since February 2016 and in all likelihood a decision on same will be rendered this month or next. After a decision on Defendant's motion to dismiss is made, the Court shall promptly schedule a Rule 16 conference. At that point, a discovery schedule shall be set and Plaintiff will be able to pursue all relevant information.

Second, the Court finds that staying discovery may very well simplify the issues on which discovery is needed. While the pending motion does not seek the outright dismissal of all of Plaintiff's claims, it does seek to dismiss three out of the four causes of action pled by Plaintiff: Plaintiff's breach of good faith and fair dealing claim, unjust enrichment claim and claim for fraudulent inducement, leaving only Plaintiff's breach of contract claim in this case. As Defendant acknowledges, dismissal of the breach of good faith and fair dealing as well as unjust enrichment claims would have little impact on the scope of discovery undertaken by the parties. However, as Defendant also argues, dismissal of the fraudulent inducement claim would greatly impact the scope of discovery. The Court finds that engaging in discovery on all of Plaintiff's claims while Defendant's motion to dismiss is pending would be inefficient and uneconomical given the potential impact the dismissal of Plaintiff's fraudulent inducement claim would have on

this case. Thus, while the Court does not believe that denial of the requested stay would necessarily create a clear case of hardship or inequity for Defendant, granting the stay does have the potential to simplify the issues to be litigated. Finally, the Court notes that a trial date has not yet been set nor is discovery in this matter complete. Indeed, as noted above, discovery has not yet begun.

Under these circumstances, the Court finds that a stay should be continued in this matter. The parties are directed to immediately advise the Court once a decision has been rendered on Defendant's motion to dismiss. At that point in time, a Rule 16 conference shall be scheduled and discovery shall commence.

**IT IS SO ORDERED.**

        s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**