**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| USI INTERNATIONAL, INC., | : | Civil Action No. 15-8451 (MAS) (TJB) |
|  | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : | |
| v. | : | |
|  | : | |
| FESTO DIDACTIC, INC., | : | |
|  | : | |
| Defendant. | : | |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Festo Didactic, Inc.'s ("Defendant" or

"FDI") motion to dismiss the Second, Third, and Fourth claims in Plaintiff USI International, Inc.'s

("Plaintiff" or "USI") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

(ECF No. 7.)  Plaintiff filed opposition (ECF No. 10), and Defendant replied (ECF No. 11). The

Court has carefully considered the parties' submissions and decides the motion without oral

argument pursuant to Local Civil Rule 78.1.  For the reasons stated below, Defendant's motion to

dismiss is granted in part and denied in part.

### I.   Background[1]

Plaintiff is a corporation located in Belize City, Belize.  (Compl. ¶ 1, ECF No. 1.) In April

of 2012, Plaintiff entered into an agreement with Lab-Volt Systems, Inc. ("Lab-Volt") to facilitate

---

[1] For the purpose of this motion, the Court accepts the facts alleged in the Complaint as true.  *See*
*Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (stating that on a Rule 12(b)(6)
motion to dismiss courts must "accept all factual allegations as true, construe the complaint in the
light most favorable to the plaintiff, and determine whether, under any reasonable reading of the
complaint, the plaintiff may be entitled to relief").

the sale of Lab-Volt electronic training equipment through the government of the United States of America to the government of Oman.  (*Id.* ¶ 3.)  The agreement provided that Plaintiff would receive 25% of Lab-Volt's total contract price for its services.  (*Id.*)  Sometime around June of 2014, Defendant acquired Lab-Volt.  Thereafter, a deal that was originated by Plaintiff closed, and Defendant was awarded an approximately eleven million dollar contract.  Pursuant to its agreement with Lab-Volt, Plaintiff requested payment of its 25% fee for facilitating the contract.  (*Id.* ¶ 29.) Defendant refused to pay this fee. (*Id.* ¶ 30.)  Accordingly, Plaintiff filed this action to recover its fee in the amount of approximately three million dollars.  (*Id.* ¶ 4.)    In the Complaint, Plaintiff alleges claims against Defendant for:  (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; and (4) fraudulent inducement. (*Id.* ¶¶ 31-57.) Defendant now moves to dismiss Plaintiff's claims for breach of the implied covenant of good faith and fair dealing, unjust enrichment, and fraudulent inducement for failure to state a claim. (ECF No. 7.)

## II.    Legal Standard

When considering a motion to dismiss for failure to state a claim, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  Last, once the well-pleaded facts have been identified and the conclusory allegations disregarded, a court must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  A complaint must contain sufficient facts to "put the defendant on notice

2

of the nature of the plaintiff's claim." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 320 n.18 (3d Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). It is a defendant's burden to show that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.   Analysis

### A.   Breach of the Implied Covenant of Good Faith and Fair Dealing

In its motion, Defendant argues that Plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing because "[n]o new or different or additional facts are alleged beyond those underlying" its breach of contract claim. (Def.'s Moving Br. 4, ECF No. 7-1.) In its opposition, Plaintiff argues that its breach of contract and breach of the covenant of good faith and fair dealing claims are not duplicative, because it "has alleged terms outside of the written Fee Agreement, which, if not performed, would destroy or injure Plaintiff's right to the fruits of the Fee Agreement." (Pl.'s Opp'n Br. 10, ECF No. 10.)   Specifically, Plaintiff notes that "Lab-Volt advised USI . . . that it believed it was required to obtain consent from the government of Oman to pay 25% commission to USI" and argues that if Lab-Volt or Defendant "failed to take steps to secure Oman's consent, than [sic] the claim would proceed under the breach of implied covenant" rather than just a breach of contract claim. (*Id.* at 10-11.)   In its reply, Defendant notes that the allegation that Plaintiff claims is outside the Fee Agreement is in fact part of its contract claim. (Def.'s Reply Br. 2, ECF No. 11.)   In support of this argument, Defendant cites paragraph

3

thirty-four of Plaintiff's Complaint, which describes the basis of Plaintiff's breach of contract claim and provides that "Lab-Volt and Festo were obligated to take any steps necessary in the contracting process to obtain the authorization of the government of Oman to pay this fee to [Plaintiff]." (Def.'s Reply Br. 2, ECF No. 11.) This is precisely the conduct that Plaintiff cites in support of its breach of the implied covenant of good faith and fair dealing claim. (Pl.'s Opp'n Br. 11 ("If however, Lab-Volt (or Festo) failed to take steps to secure Oman's consent, than [sic] the claim would proceed under the breach of the implied covenant."). "[T]he conduct alleged to be a breach of the implied covenant of good faith and fair dealing must be distinct from the conduct alleged to constitute a breach of contract." *Ricketti v. Barry*, No. 13-6804, 2015 WL 1013547, at *7 (D.N.J. Mar. 9, 2015); *see T.J. McDermott Transp. Co. v. Cummins, Inc.*, No. 14-4209, 2015 WL 1119475, at *13 (D.N.J. Mar. 11, 2015) ("Because Plaintiff's breach of implied covenant claims are duplicative of [its] breach of express warranty claims, allowing them to move forward would improperly provide Plaintiffs with two paths to recovery for breach of warranty."). Thus, having found that Plaintiff's breach of the implied covenant of good faith and fair dealing and breach of contract claims are based on the same conduct, the Court grants Defendant's motion to dismiss Plaintiff's breach of the covenant of good faith and fair dealing claim.

### B.    Unjust Enrichment

In its motion, Defendant argues that Plaintiff fails to state a claim for unjust enrichment because it "may not bring an unjust enrichment claim while also pleading the existence of a contract." (Def.'s Moving Br. 6 (quoting *Freedom Waste Solutions, Inc. v. Family Dollar*, No. 15-4756, 2015 WL 5996183, at *4 (D.N.J. Oct. 14, 2015)).)  In its opposition, Plaintiff argues that both case law and court rules "permit[] parties to plead claims in the alternative and specifically, to plead claims for unjust enrichment as an alternative to claims for breach of contract." (Pl.'s

Opp'n Br. 12 (citing *M.K. Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 736 (D.N.J. 2008)).) The Court agrees with Plaintiff that it is entitled to plead a claim for unjust enrichment as an alternative to breach of contract. Furthermore, the Court does not find Plaintiff's failure to use the phrase "in the alternative" fatal to this claim. *See CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, No. 2016 WL 1718100, at *7 (D.N.J. Apr. 29, 2016) (denying motion to dismiss unjust enrichment counterclaim even though defendant failed to specify that the unjust enrichment claim was "in the alternative" of its breach of contract counterclaim). Thus, at this juncture, the Court finds that it is premature to dismiss this alternative claim.

### C.    Fraudulent Inducement

In its motion, Defendant argues that Plaintiff fails to state a claim for fraudulent inducement because (1) the claim is based on an alleged "material misrepresentation of presently existing fact" that was made when Plaintiff entered into the subject agreement; (2) Plaintiff has not identified any statement that was made prior to the subject agreement "that supposedly induced the agreement, much less by whom, when, where, or to whom any such statements were made"; and (3) the alleged fraud is not extraneous to the contract. (Def.'s Moving Br. 6-7.)

To state a claim for fraudulent inducement, Plaintiff must allege, "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Kare Distribution, Inc. v. Jam Labels and Cards LLC*, No. 09-969, 2009 WL 3297555, at *4 (D.N.J. Oct. 9, 2009) (citing *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172-73 (2005)). "Additionally, a claim for fraudulent inducement must meet the requirements of [Rule] 9(b) which imposes a heightened pleading requirement with respect to allegations of fraud, over and above that required by Rule 8(a)." *Kare Distribution, Inc.*, 2009 WL

5

3297555, at *4. To satisfy Rule 9(b), a plaintiff must "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Where appropriate, the plaintiff must also identify both the individual who made the misrepresentation and the person to whom the misrepresentation was made. *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) (Rule 9(b) requires a claimant to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent").

Here, Plaintiff argues that its allegations regarding Jeremy Duggan's e-mail correspondence satisfy the heightened pleading standards for fraud. (Pl.'s Opp'n Br. 16.) Specifically, Plaintiff cites Mr. Duggan's statements that: (1) "he expected that Lab-Volt would be able to pay commissions to USI"; (2) "Lab-Volt would honor its obligation to pay USI a fee for the services it had provided in both finding that buyer and assisting with the preparation of the initial offer"; (3) "both Dan and Peter are fully aware of the commitment to you to pay consulting contract as discussed"; and (4) "[a]s you know Lab-Volt recognized my letter of April 10, 2012[,] as a commitment to USI International in regard to the Oman Project." (*Id.*) As an initial matter, the first statement is not definite enough to constitute a material misrepresentation of presently existing fact, and the remaining statements are duplicative of Plaintiff's breach of contract claim. In addition, paragraphs forty-nine and fifty, which summarily state that "Lab-Volt made repeated material misrepresentations . . . by representing that it could, and would pay a fee to USI" and "about its willingness and ability to pay USI its fee," do not identify the speaker or state where or when the statements were made. (Compl. ¶¶ 49-50.) Thus, these statements lack the requisite

specificity to satisfy the Rule 9(b) heightened pleading standing. *See Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2013 WL 3336766, at *7 (D.N.J. July 1, 2013) (dismissing fraud claim against company because Complaint failed to state "who at [company] made [alleged] fraudulent statements"). Moreover, even leaving these findings aside, Plaintiff's allegations fail to state a claim for fraudulent inducement because Plaintiff has not pled scienter. "Without specific allegations that . . . . [Jeremy Duggan] knew or had reason to know [his] promises were false, [Plaintiff's] claim for fraudulent inducement must fail." *Kare Distribution, Inc.*, 2009 WL 3297555, at *4. Accordingly, as currently pled, Plaintiff's Complaint does not state a claim for relief for fraudulent inducement.

## IV.    Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss Counts Two, Three, and Four of the Complaint is granted in part and denied in part. Defendant's motion is granted with respect to Counts Two and Four and denied with respect to Count Three. The Court will issue an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: August 23, 2016