Michael J. Shavel, Esquire.
HILL WALLACK, LLP
777 Township Line Road, Suite 250
Yardley, PA 19067
Phone (215) 579-7700
Fax (215) 579-9248
mshavel@hillwallack.com

*Local Counsel to Defendant Festo Didactic, Inc.*

Gregory F. Hauser, Esquire
WUERSCH & GERING LLP
100 Wall Street, 10th Floor
New York, NY 10005
Phone (212) 509-5050
Fax (212) 509-9559
gregory.hauser@wg-law.com

*Counsel to Defendant Festo Didactic Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| USI INTERNATIONAL INC. | CIVIL ACTION NO.: 3:15-CV-08451-MAS-TJB |
| Plaintiff, | |
| vs. | **ANSWER** |
| FESTO DIDACTIC INC., | |
| Defendant. | |

Defendant Festo Didactic Inc., by its undersigned counsel, answers the Complaint, as modified by the Court's order of August 24, 2016, as follows:

## THE PARTIES

1. Denies sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Admits the allegations of paragraph 2.

3. Denies the allegations of paragraph 3 except admits the allegations of the fourth sentence.

4. Denies the allegations of paragraph 4.

## JURISDICTION

5. Admits the allegations of paragraph 5.

6. Admits the allegations of paragraph 6.

## FACTUAL ALLEGATIONS

7. Denies the allegations of paragraph 7.

8. Denies sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Denies the allegations of paragraph 9.

10. Denies sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 except denies that any such action by USI was known to or authorized by Lab-Volt.

11. Denies sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Denies the allegations of paragraph 12 except states that the letter speaks for itself.

13. Admits the allegations of paragraph 13.

14. Denies the allegations of paragraph 14 except admits the allegations of the first sentence.

15. Denies the allegations of paragraph 15 except states that the e-mail speaks for itself.

16. Denies the allegations of paragraph 16 except states that the e-mail speaks for itself.

17. Denies the allegations of paragraph 17.

18. Denies the allegations of paragraph 18.

19. Denies the allegations of paragraph 19 except admits that, on or about July 3, 2012, Mr. Duggan forwarded to USI copies of some of Lab-Volt's communications with Colonel Robert Hoffman.

20. Denies the allegations of paragraph 20 except states that the parties' communications speak for themselves.

21. Denies the allegations of paragraph 21 except states that the parties' communications speak for themselves.

22. Denies the allegations of paragraph 22.

23. Admits the allegations of paragraph 23.

24. Admits the allegations of paragraph 24.

25. Admits the allegations of paragraph 25.

26. Denies the allegations of paragraph 26.

27. Denies the allegations of paragraph 27.

28. Denies the allegations of paragraph 28.

29. Admits the allegations of paragraph 29.

30. Admits the allegations of paragraph 30.

## FIRST COUNT

### Breach of Contract

31. Repeats by reference its responses to the foregoing paragraphs as if here fully set forth.

32. Denies the allegations of paragraph 32.

33. Denies the allegations of paragraph 33.

34. Denies the allegations of paragraph 34.

35. Denies the allegations of paragraph 35.

36. Denies the allegations of paragraph 36.

## SECOND COUNT

37. Does not respond to allegations of dismissed claims.

38. Does not respond to allegations of dismissed claims.

39. Does not respond to allegations of dismissed claims.

40. Does not respond to allegations of dismissed claims.

### THIRD COUNT

### Unjust Enrichment

41. Repeats by reference its responses to the foregoing paragraphs as if here fully set forth.

42. Denies the allegations of paragraph 42.

43. Denies the allegations of paragraph 43.

44. Denies the allegations of paragraph 44.

45. Denies the allegations of paragraph 45.

46. Denies the allegations of paragraph 46.

47. Denies the allegations of paragraph 47.

### FOURTH COUNT

48. Does not respond to allegations of dismissed claims.

49. Does not respond to allegations of dismissed claims.

50. Does not respond to allegations of dismissed claims.

51. Does not respond to allegations of dismissed claims.

52. Does not respond to allegations of dismissed claims.

53. Does not respond to allegations of dismissed claims.

54. Does not respond to allegations of dismissed claims.

55. Does not respond to allegations of dismissed claims.

56. Does not respond to allegations of dismissed claims.

57. Does not respond to allegations of dismissed claims.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff has failed to minimize its damages, including but not limited to expending resources even after it had been warned that there were conditions for any possible commission that had not yet and might not be fulfilled.

3. Enforcement of the alleged contract would violate federal law.

Dated: September 7, 2016

                        Respectfully submitted,

By:    */s/ Michael J. Shavel*
       Michael J. Shavel (mshavel@hillwallack.com)
       HILL WALLACK LLP
       777 Township Line Road, Suite 250
       Yardley, PA 19067
       Telephone: (215)579-7700

       *Local Counsel to Defendant*
       *Festo Didactic, Inc.*

       Gregory F. Hauser, Esq.
       gregory.hauser@wg-law.com
       WUERSCH & GERING LLP
       100 Wall Street, 10th Floor
       New York, NY 10005
       Phone (212) 509-5050
       Fax (212) 509-9559

       *Counsel to Defendant*
       *Festo Didactic, Inc.*