David R. King
dking@herrick.com
**HERRICK, FEINSTEIN LLP**
One Gateway Center
Newark, New Jersey 07102
Tel.: 973.274.2000
Fax: 973.274.2500
Attorneys for USI International Inc.

R E C E I V E D

JUL 0 6 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---------------------------------------x
USI International Inc.,

           Plaintiff,

vs.

Festo Didactic Inc.,

           Defendant.
---------------------------------------x

Civil Action No. 3:15-CV-08451

**CONFIDENTIALITY
AGREEMENT AND
PROTECTIVE ORDER**

    Plaintiff USI International Inc. ("USI") and Defendant Festo Didactic Inc. ("Festo" and collectively, the "Parties"), by and through their undersigned attorneys, agree that certain information, documents and things that are or will be encompassed by discovery request contain or relate to confidential, sensitive or proprietary business or personal information, and that their mutual interests would be served by an agreement that restricts the use and dissemination of such confidential information, documents or things. Accordingly, the Parties stipulate and agree to the Confidentiality Agreement and Protective Order (the "Confidentiality Agreement").

<u>**CONFIDENTIALITY AGREEMENT**</u>

    1.    This Confidentiality Agreement shall apply to all information, documents and things subject to discovery in this action designated by any party as CONFIDENTIAL pursuant to the procedure set forth below. The phrase "information, documents or things" as used in this

Confidentiality Agreement is intended broadly to encompass all testimony, answers to interrogatories, documents, things, information, objects and answers to requests for admission.

2. The Parties agree that good cause exists for the confidentiality agreement and protective order because the confidential information disclosed in discovery will include, *inter alia*, confidential, proprietary, sensitive, and at times competitive and trade secret business information.

3. If any party determines in good faith that any information, documents or things provided in this action contain or relate to confidential, sensitive or proprietary business or personal information, such information, documents or things may be designated and marked CONFIDENTIAL.

4. Unless the designating party otherwise agrees in writing or unless the Court otherwise orders, CONFIDENTIAL information, documents or things shall be used only for the purposes of this litigation. For the purposes of this litigation, no one shall have access to CONFIDENTIAL information, documents or things other than:

   a. parties, legal counsel for the parties and legal counsel's staff;

   b. such officers, directors, employees or independent contractors of the parties as may be necessary to provide assistance in this action;

   c. The Court and court personnel in this matter provided in paragraph 6 below;

   d. persons employed by or affiliated with the designating party and any other party as to whom the designating party agrees in writing;

   e. witnesses, expert witnesses, or consultants employed by the parties in connection with this litigation.

      i. Expert witnesses or consultants employed by the parties in connection with this litigation shall be provided CONFIDENTIAL information, documents or things only in the manner provided in paragraph 5 below.

    ii. Non-expert fact witnesses need not execute an agreement to be bound by this Confidentiality Agreement; however, if such individuals do not execute such agreement as provided for in paragraph 5, that individual may only be shown CONFIDENTIAL information, documents or things in the context of providing sworn testimony at deposition or trial and shall not be permitted to retain for any use any copies of CONFIDENTIAL information, documents or things.

  f. Copying or other service providers that may aid in the preparation and trial of this litigation; and

  g. As otherwise ordered by the Court.

5.  Each person to whom any CONFIDENTIAL information, documents or things is disclosed or made available pursuant to Paragraph 4(e), above, and who is required to or elects to agree to be bound by the terms of this Confidentiality Agreement as dictated by Paragraph 4(e) above, shall first read this Confidentiality Agreement and sign an Acknowledgement, in the form attached hereto as Exhibit "A," that he or she understands its terms and agrees to be bound by them.

6.  Prior to filing any documents with the Court in this litigation that contain or disclose any information marked or designated as CONFIDENTIAL, each party will either (a) provide the other party with an adequate and reasonable opportunity to file a motion requesting that the document be filed under seal; or (b) file the document under seal. *Pursuant to LCvR53* [handwritten, initialed TJB]

7.  All documents containing CONFIDENIAL information that are produced hereafter shall be marked with a stamp designating such status on each page of the document.

8.  A party may designate information disclosed in a deposition as CONFIDENTIAL by so indicating on the record at the time of the deposition, or by a stamp designating such status on the relevant pages of the transcript within thirty (30) days after receipt of the transcript by counsel for the designating party. The designated pages of the deposition transcript shall then promptly be circulated to opposing counsel. Until such a time as thirty (30) days from the

3

receipt by all Parties of a deposition transcript has lapsed, the entirety of the transcript shall be treated as CONFIDENTIAL.

9. In the event that a party fails to designate any document or information as CONFIDENTIAL in accordance with the provisions of paragraphs 7 or 8 above that it later determines ought to be so designated, such party may later designate any such document or information as CONFIDENTIAL if (a) all Parties agree; or (b) in the event that the parties cannot agree, the Court, upon motion of the party seeking CONFDENTIAL treatment, permits such designation.

10. A party shall not be obligated to challenge the propriety of the designation of information, documents or things as CONFIDENTIAL at the time such designation is made, or at any other time, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, it shall send or give notice to the designating person, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously resolved by agreement, either the designating person or the challenging party may apply for appropriate ruling(s) from the Court. The designated document, information or thing shall continue to be treated as CONFIDENTIAL until the Court orders otherwise.

11. All documents, information and things produced in response to any document request or interrogatory and containing any CONFIDENTIAL information (except documents in the files of the Court) shall, at the election of the producing party, be returned to the producing party, or otherwise disposed of, within thirty (30) days of the final disposition of this litigation (including appeals), and such disposal shall be confirmed in writing.

12. Nothing in this Confidentiality Agreement shall constitute a concession by either party that any document, information or thing that is designated as CONFIDENTIAL is appropriately designated.

13. Nothing in this Order shall prejudice the right of any party to apply to the Court for relief or modification of this Order or for further protective order as the Court may deem appropriate, provided the non-moving party is served with a copy of said application.

14. This Confidentiality Agreement has no effect upon, and its scope does not extend to:

   a. any designating party's use of its own CONFIDENTIAL information, documents or things;

   b. any information, documents or things which are, were, or become public not in violation of this Confidentiality Agreement; and

   c. the use by any person of information, documents or things legitimately obtained outside of discovery in this proceeding.

15. This Confidentiality Agreement is not intended to govern the use of CONFIDENTIAL information, documents or things at the trial or other proceeding of this action.

16. This Confidentiality Agreement may be executed by the Parties in any number of counterparts, and all of the counterparts taken together shall be deemed to constitute the same instrument. Documents, information and things that have been designated CONFIDENTIAL need not be produced to any Party in this action unless and until that party executes this Confidentiality Agreement.

17. The Court retains the right to allow disclosure of any subject covered by this Confidentiality Agreement or to modify this agreement at any time in the interest of justice.

18. The Parties agree that regardless of whether this Confidentiality Agreement is ever approved by the Court, the parties will comply with its terms to the same extent as if it were approved.

_____  Dated: July 5, 2017
David R. King, Esq.
*On behalf of Plaintiff USI International, Inc.*

_____  Dated: 5 July 2017
Gregory Hauser, Esq.
*On behalf of Defendant Festo Didactic, Inc.*

APPROVED BY THE COURT:

_____ J.

Dated: July 5, 2017

 USI Int'l Inc. v. Festo Didactic Inc., 3:15-CV-08451-MAS-TJB -- Confidentiality & Protective Order
McDermott, Elena
to:
tjb_orders@njd.uscourts.gov
07/05/2017 03:32 PM
Cc:
"King, David", "gregory.hauser@wg-law.com"
Hide Details
From: "McDermott, Elena" <emcdermott@herrick.com>
To: "tjb_orders@njd.uscourts.gov" <tjb_orders@njd.uscourts.gov>
Cc: "King, David" <dking@herrick.com>, "gregory.hauser@wg-law.com" <gregory.hauser@wg-law.com>

1 Attachment


Confidentiality Agreement & Protective Order.PDF


Your Honor:

We write to respectfully request that the Court enter the attached Confidentiality Agreement and Protective Order (the "Order"), which has been executed by both parties to the above-referenced matter.

Respectfully submitted,



**Elena T. McDermott**
**Herrick, Feinstein LLP**
One Gateway Center | Newark, NJ 07102
973.274.2054 Office
973.274.6402 Fax
emcdermott@herrick.com
website bio


The information in this message may be privileged, intended only for the use of the named recipient. If you received this communication in error, please immediately notify us by return e-mail and delete the original and any copies.