

**Elena T. McDermott**
Phone: 973.274.2054
Fax: 973.274.6402
emcdermott@herrick.com

November 10, 2017


VIA ECF

Hon. Tonianne J. Bongiovanni, U.S.M.J
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:     USI International Inc. v. Festo Didactic Inc.
        3:15-CV-08451-MAS-TJB

Dear Judge Bongiovanni:

As you know, this firm represents plaintiff USI International Inc. ("USI") in the above-referenced matter.  We write pursuant to Rule 37.1 of the Local Civil and Criminal Rules of the United States District Court for the District of New Jersey to present a discovery dispute that has arisen between the parties concerning the production of certain documents by defendant Festo Didactic, Inc. ("Festo").

This action concerns work USI performed for the benefit of defendant Festo, for which USI received no compensation.  Specifically, USI identified the opportunity to sell electronics training equipment to the Military Technical College of Oman, selected Festo's predecessor-in-interest, Lab-Volt Systems, Inc. ("Lab-Volt") as a possible business partner, and presented an offer to MTCO on behalf of Lab-Volt.  To compensate USI for its role in the transaction, USI would be entitled to a commission, consisting of 25% of Lab-Volt's selling price -- as provided for in a letter agreement (the "Letter Agreement") -- in addition to 100% of any mark-up that USI was able to negotiate in the transaction. After the initial offering and execution of the Letter Agreement, the parties learned that the purchases would be made through the United State government's Foreign Military Sales ("FMS") program.  On or about October 10, 2014, the United States Naval Air Warfare Training System Division, Orlando, Florida awarded a contract to Festo for the sale of training devices to the government of Oman in the amount of $11,099,361 (the "Sale").  USI has not received any payment in connection with its role in this transaction.

As relevant to the current application, through discovery, it has become apparent that there is a disparity in the information regarding the pricing for the Sale that Festo provided to USI as compared to the information regarding pricing for the Sale that Festo provided to the U.S. Government. However, despite repeated requests, Festo has not produced any documents which show the breakdown of pricing provided to the United States government.  Such information is crucial to USI's understanding of the transaction and calculation of its damages.

In the first set of document requests propounded on Festo, among other requests, USI requested the following:



Hon. Tonianne J. Bongiovanni, U.S.M.J
U.S. District Court, District of New Jersey
November 10, 2017
Page 2

> 10.    All communications with Colonel Robert Hoffman, or any other United States official, relating to the transaction.
>
>        . . .
>
> 12.    All documents relating to the contract awarded to Festo by the United States Naval Air Warfare Training Systems Division, Orlando, on or about October 14, 2014.

In Festo's initial production, Festo did not produce any documents showing the breakdown of pricing provided to the United States government.  Accordingly, in USI's Second Request for Production of Documents, USI specifically requested that Festo produce the following:

> 6.     All correspondence with the National Air Warfare Center Training Systems Division relating to the Transaction.
>
> 7.     All correspondence with any division of the United States government regarding the pricing of the Transaction.
>
> 8.     All documents and correspondence relating to Lab-Volt and/or Festo's net sales expectation for the Transaction.
>
> 9.     All documents and correspondence relating to the calculation of the contract price.

Again, despite these requests, USI did not receive any documents showing the breakdown of pricing provided to the United States government.  I raised this issue with counsel for Festo, Gregory Hauser, by email on October 11, 2017, in connection with USI's proposed amendments to its complaint.  In response, by email on October 13, 2017, Mr. Hauser stated that, "We have located one other document concerning the pricing.  It was an attachment to a couple of emails and for some reason my now departed secretary did not include it in the production."  A pro-forma was produced later that day.

However, that pro-forma presents several new issues.  First, it contains various discrepancies. Second, Mr. Hauser indicated that this new pro-forma was attached to certain emails to an individual named Radhakrishnan Nair -- not the U.S. government.  I pointed out this issue to Mr. Hauser by email on October 13, 2017 and asked for the production of the transmittal emails showing that this document was provided the U.S. government. Mr. Hauser responded as follows:

> The short answer is that we aren't sure.  Jeremy [Duggan] had a habit of keeping only the long email chains and deleting the individual emails, which would have included the attachments, so the records seems to be gone.  He's traveling and we can't reach him right now to track this down.  We think it might have been sent to the Navy with an email that appears at DEF000230.



Hon. Tonianne J. Bongiovanni, U.S.M.J
U.S. District Court, District of New Jersey
November 10, 2017
Page 3

I followed up with Mr. Hauser by email dated October 30, 2017 to confirm whether he had the opportunity to speak with Mr. Duggan and received no response.  I sent a letter on November 1, 2017 seeking the same information.  Mr. Hauser responded on November 9, 2017 retracting the last explanation and stating that:

> We have been in touch with Mr. Duggan.  He could not locate a transmittal e-mail to the Navy for the quote (DEF0000610-DEF0000626) produced to you on October 13, 2017.  In fact, upon further digging, this quote may have come to Lab Volt/Festo Didactic from the U.S. government, not the other way around.  Mr. Duggan told us that he did not remember seeing this quote before we recently asked him about its origin.

> In conducting his search, Mr. Duggan located another quote that we are producing to you here, DEF0000627-DEF0000651.  This is the quote he recalls submitting to the U.S. government, but he could not locate a transmittal e-mail.

Unfortunately, the pro-forma attached to Mr. Hauser's November 9, 2017 email raises more questions.  First, there are still no transmittal emails to confirm that this document was actually sent to the U.S. government.  Second, the total contract pricing in this pro-forma does not match the pricing indicated on the website for the U.S. Department of Defense.  Thus, it appears that this is not the pricing break down that supports the contract.  Third, Mr. Hauser's email makes clear that Festo is playing fast and loose with its discovery obligations by providing piecemeal and inconsistent productions only after repeated requests.

Accordingly, we still have not received any transmittal emails, documents showing the pricing break down provided to  and relied upon the U.S. government in granting Festo the contract at issue in this action, or any communications showing the pricing negotiations after an actual pro-forma was submitted.  Accordingly, we ask the Court to assist us in resolving this discovery matter.

Thank you for your attention to and consideration of this matter.

Respectfully submitted,

/s Elena T. McDermott

Elena T. McDermott


cc:      All Counsel of Record (via ECF)