# WUERSCH & GERING

**Gregory F. Hauser** | Partner
E-mail Gregory.Hauser@wg-law.com
Direct 212-509-4717

November 27, 2017

Hon. Tonianne J. Bongiovanni, U.S.M.J.
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

By ECF & Email (tjb_orders@njd.uscourts.gov)

Re:   *USI Int'l, Inc. v. Festo Didactic, Inc. -  3:15-cv-08451-MAS-TJB*

Dear Magistrate Judge Bongiovanni:

We represent Defendant Festo Didactic, Inc., in the above-referenced matter.  This is to respond to the letter of Plaintiff's counsel dated November 10, 2017, regarding certain document issues.

First, so the record is clear, Defendant strenuously contests Plaintiff's claim for commissions.  The letter agreement to which Plaintiff's counsel refers concerned only potential transactions involving a specified form of funding, known as offset funding.  Because the transaction actually completed involved FMS funding (as Plaintiff's counsel concedes), it did not qualify for a commission under the letter agreement.  Furthermore, FMS transactions presumptively bar such commissions by federal regulation, and the available exception did not apply in this case.  In addition, USI's potential earning of a mark-up was limited to transactions in which USI bought and then resold equipment, and this was not one of those transactions.  (Interestingly, Plaintiff has not produced nor even referred to any document supporting this brand new mark-up claim, which it did not include in its original complaint from almost two years ago.)  Indeed, to be frank, it is Defendant's impression that Plaintiff has manufactured this brand new mark-up claim out of whole cloth.  The bottom line is Defendant's firm position that USI is entitled to no payment.

Second, subject to the usual exceptions such as privilege, Defendant does not contest that Plaintiff is entitled to discover documents relating to the transaction at issue, if requested, if they exist, and if they can be found.  The present dispute, however, does not concern whether Defendant is willing to produce documents but whether it *can*.

Magistrate Judge Bongiovanni  
tjb_orders@njd.uscourts.gov

Page 2  
November 27, 2017

The basic problem here is that, for much of the time period at issue, the transaction was being handled by Defendant's predecessor, Lab-Volt. The point person on that transaction was Mr. Jeremy Duggan, based at Lab-Volt in Canada. At the time, Lab-Volt had two, separate email domains for the American parent and Canadian subsidiary, but made limited use of either for email, and almost none for this transaction. Almost all the emails and other relevant documents went through Mr. Duggan's personal AOL account. Indeed, it was not uncommon for Lab-Volt employees to use their personal accounts for Lab-Volt's business. (Most of the other Lab-Volt people involved in this transaction, all of whom had very limited roles, left the company before this suit began, along with their personal emails.) As a result, our ability to produce documents is limited by Mr. Duggan's email preservation/organization practices at the time, as also affected by his transition through several laptops in the meantime. He did not keep everything as he went along. For example, if emails became part of chains, he would delete some of the earlier emails. This sometimes also resulted in the deletion of attachments. In other cases, attachments were saved separately, and the emails showing by whom or when the attachments were sent were deleted. If there were multiple revisions of a document in draft form, such as a *pro forma* or a laboratory layout for the equipment, he might delete some of those as the transaction moved along. When Festo Didactic acquired Lab-Volt, it introduced encryption requirements that made it difficult to communicate with the government, so Mr. Duggan continued to rely on his personal email. My understanding is that the complete transition to a central Festo Didactic email system did not happen until around the time this transaction was completed, and in that changeover any of Mr. Duggan's emails on the Lab-Volt system, if there were any relating to this transaction, were lost, as was the case for some other people's emails.

We initially asked Mr. Duggan to provide us with a copy of everything relating to this transaction, and we produced what he provided. When we received follow up requests/inquiries from Plaintiff's counsel, we went back to Mr. Duggan, who has been able to locate some additional documents by digging in his computer records, and these have been produced.

Our understanding it that he has produced all the emails he has been able to find relating to negotiations with the government. To the extent there is any breakdown of pricing to the government, again, our understanding is that he has produced what he has.

After I informed him that this present dispute had been raised with the Court, he spent considerable time over the weekend—fortunately, our Canadian friends were not on holiday—looking into this. He reported on Friday that: (1) he found an old outlook.pst file and rebooted his PC with that file without any further success; (2) he tried accessing AOL directly through the web but could not find the desired emails; (3) he asked Festo Didactic's IT department for assistance with the AOL problem but they could not help; and (4) he realized that he sometimes copied his assistant, Ms. Fran Hill, who did use the labvolt.ca email portal. She, however, is no longer employed at Festo Didactic. He then asked the IT department to search her archives. In the changeover from Lab-Volt to Festo, some but not all of Ms. Hill's emails were accidentally deleted, and the IT department was able to find and to retrieve four emails relating to this transaction, only one of which had not already been produced. That email has a *pro forma* attachment, but it is an earlier version of one already produced. Two of the emails already produced have attachments which we believe have already been produced. We are readying these four emails and attachments for production and will send them out as soon as they are ready.

Magistrate Judge Bongiovanni  
tjb_orders@njd.uscourts.gov

Page 3  
November 27, 2017

As I have asked Plaintiff's counsel after reporting all this except for the latest news from Friday: "What would you like me to do?" I received no response from Plaintiff's counsel. Indeed, consistent with this lack of response, Plaintiff's counsel has suggested no particular course of action to the Court, either.

It bears noting that this case has been pending for almost exactly two years. Plaintiff has for that entire time had the option of subpoenaing everything to do with this transaction from the U.S. government, which was Lab-Volt/Festo Didactic's counterparty. Plaintiff has not done so. This leaves one wondering if Plaintiff's counsel is genuinely as interested in these documents as they are claiming.

Sincerely,

_____  
Gregory F. Hauser

cc:     **Via Email**  
        Alan Kaplan  
        Elena T. McDermott