

Elena T. McDermott
Phone: 973.274.2054
Fax: 973.274.6402
emcdermott@herrick.com

December 8, 2017

<u>VIA ECF</u>

Hon. Tonianne J. Bongiovanni, U.S.M.J
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:   USI International Inc. v. Festo Didactic Inc.
      <u>3:15-CV-08451-MAS-TJB</u>

Dear Judge Bongiovanni:

As you know, this firm represents plaintiff USI International Inc. ("USI") in the above-referenced matter. We write pursuant to our conversation with Your Honor's law clerk on November 28, 2017 to propose solutions to the discovery issue presented to the Court by letter dated November 10, 2017 (Dkt. 25). As outlined in that letter, despite repeated demands, USI has not been provided any documents showing the pricing for the transaction at issue that defendant Festo Didactic, Inc. ("Festo") provided to the United States government. At each repeated demand, even until last week, Festo continues to uncover additional responsive documents, yet at no point have these most crucial documents been provided.

In response, Festo first "contests Plaintiff's claim for commissions." (Dkt. 26, at 1). This argument is irrelevant as USI is entitled to discovery on its pending claims. Moreover, Festo's argument is disingenuous given the repeated reassurances from both Festo and Festo's predecessor, Lab-Volt Systems, Inc. ("Lab-Volt") that the commissions outlined in the letter agreement would be honored. The assertion that USI "has manufactured this brand new mark-up claim out of whole cloth," without offering or identifying any supporting documents, is similarly irrelevant and fallacious. Indeed, USI's proposed amended complaint is based, in part, on documents recently provided by Festo, which show that USI was being provided with a pro-forma with one set of pricing, while the government was being provided the same pro-forma but with different prices. However, as noted, this is all relevant to USI's pending motion to amend and not to the instant application.

Next, Festo has asserted that it has produced all documents that it has been able to locate and that any further documents, including the pricing documents at issue, have been deleted and/or are otherwise inaccessible. (Dkt. 26). Specifically, Festo contends that Lab-Volt did not use its company email accounts to conduct business and therefore the requested documents were on the personal accounts of employees -- including (and primarily) Jeremy Duggan. Mr. Duggan has apparently deleted many of these emails and/or otherwise not preserved these emails.

Given Festo's admissions, as an initial matter, USI proposes that all computers, tablets, smartphones, etc. used by Jeremy Duggan since March 2012 be sent to a third-party for a forensic examination to determine whether any additional documents can be recovered. *See, e.g.*, *Treppel v. Biovail Corp.*, 249 F.R.D. 111, 124 (S.D.N.Y. 2008) (finding that the appropriate remedies for



Hon. Tonianne J. Bongiovanni, U.S.M.J
U.S. District Court, District of New Jersey
December 8, 2017
Page 2

deficient preservation of documents included permitting the opposing party to undertake a forensic examination of the laptop at issue in an effort to recover any relevant emails that were deleted); *Piccone v. Town of Webster*, 2010 WL 3516581, (W.D.N.Y. Sept. 3, 2010) (collecting cases supporting finding that imaging and inspection of a party's hard drive "may be justified where the party's discovery responses contain 'discrepancies or inconsistencies.'").  Here, a forensic examination is appropriate because of discrepancies and inconsistencies in Festo's productions and, even more so, because of Festo's statement that Mr. Duggan has located and old outlook.pst file, but was unable to load it himself.

Thereafter (depending on the results of that examination), or as an alternative to a forensic examination, additional discovery on spoliation is necessary to determine whether sanctions (and in what form) are appropriate.

Finally, Festo asserts that USI should have subpoenaed this information from the U.S. government.  As an initial matter, USI disputes that it has any obligation to seek information from a non-party when a party to the litigation should have the relevant records.  However, USI has requested this information from the U.S. government by way of request under the Freedom of Information Act ("FOIA").  The request is still pending.  While USI is hopeful that it will receive records in response to its FOIA request, USI has been informed that FOIA requests for documents relating to transactions under the Foreign Military Sales program are often delayed and/or denied because they require the consent of the contracting party (here, Festo) and the foreign government (here, Oman).

Thank you for your attention to and consideration of this matter.

Respectfully submitted,

/s Elena T. McDermott

Elena T. McDermott


cc:     All Counsel of Record (via ECF)