**ORAL ARGUMENT REQUESTED**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USI International Inc.,

                Plaintiff,

     vs.

Festo Didactic Inc.

              Defendant.

Civil Action No.
3:15-CV-08451

**Motion Date:
December 18, 2017**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

___

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## FIRST AMENDED COMPLAINT

___

HERRICK, FEINSTEIN LLP
One Gateway Center
Newark, New Jersey  07102
973.274.2000
Attorneys for USI International Inc.

On the Brief:
    Alan Kaplan, Esq.
     akaplan@herrick.com
    Elena T. McDermott, Esq.
     emcdermott@herrick.com

## **TABLE OF CONTENTS**

**PAGE NO(S).**

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................1

ARGUMENT .......................................................................................................2

POINT I:
    Under the Liberal Standard Applied to Motions for Leave to Amend,
    Plaintiff Should Be Granted Leave to File Its First Amended Complaint ......2

    A. The Proposed Amendment is Timely ......................................................3

    B. Implausibility is Irrelevant on the Present Motion to Amend .................5

    C. Plaintiff Has Adequately Pled a Claim  for Fraud ..................................6

    D. There are No "Provably False" Allegations in the Proposed
       Amendment .............................................................................................8

CONCLUSION ..................................................................................................10

# TABLE OF AUTHORITIES

**PAGE NO(S).**

## Federal Cases

*Adams v. Gould Inc.*, 739 F.2d 858 (3d Cir. 1984) .................................................... 4

*Am. Gen. Life Ins. Co. v. Ellman Sav. Irrevocable Tr.*, No. 08-5364 (MLC),
    2010 WL 5253611 (D.N.J. Dec. 17, 2010) .......................................................... 6

*Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282 (D.N.J. 2009) .......................... 7

*Arevalo v. Brighton Garden*, No.15-2563 (MAS), 2016 WL 4975199 ................... 5

*Brant Screen Craft, Inc. v. Watermarc Graphics, Inc.*, No. 10-3843 (DMC),
    2012 WL 2522972 (D.N.J. June 28, 2012) ........................................................... 6

*Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d
    820 (3d Cir. 1978) ................................................................................................ 9

*Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563 (D.N.J. 2002) ........................... 2

*Dole v. Arco Chem. Co.*, 921 F.2d 484 (3d Cir. 1990) ............................................. 2

*Florian Greenhouse, Inc. v. Cardinal IG Corp.*, 11 F. Supp. 2d 521 (D.N.J.
    1998) ..................................................................................................................... 8

*Hoffmann-La Roche Inc. v. Cobalt Pharm., Inc.*, Nos. 07-4539 (SRC), 07-
    4540 (SRC), 08-4054 (SRC), 2010 WL 3118574 (D.N.J. Aug. 5, 2010) ........... 2

*Luppino v. Mercedes-Benz USA, LLC*, No. 09-CV-5582, 2012 WL 850743
    (D.N.J. Mar. 8, 2012) .......................................................................................... 4

*Maertin v. Armstrong World Indus.*, 241 F. Supp. 2d 434 (D.N.J. 2002) ................ 6

*Montclair State Univ. v. Oracle USA, Inc.*, No. 11-2867 (FLW),
    2012 WL 3647427 (D.N.J. Aug. 23, 2012) ......................................................... 8

*Touristic Enters. Co. v. Trane Inc.*,. No. 09-02732 (SRC) 2009 WL
    3818087, at \*3 (D.N.J. Nov. 13, 2009) ............................................................... 8

## **Rules**

*Fed. R. Civ. P. 9(b)* ...................................................................................6

*Fed. R. Civ. P. 15(a)* ...............................................................................1

Plaintiff USI International, Inc. ("Plaintiff" Or "USI") respectfully submits this reply memorandum of law in further support of its motion pursuant to Federal Rule of Civil Procedure 15(a) for leave to file its First Amended Complaint.

## PRELIMINARY STATEMENT

Plaintiff established in its opening submission that it should be granted leave to file its First Amended Complaint under the standards applied by this Court.  Festo's opposition is far more notable for what it fails to address than for any of the arguments included therein.  Indeed, Festo does not assert that it will suffer any unfair prejudice, that the litigation will be unduly delayed or that the requested amendment is the result of bad faith or dilatory motive.  Indeed, the arguments offered by Festo are largely factual disputes that are not appropriate in considering a motion to amend and, indeed, actually highlight the need for further discovery on the points of dispute.

Contrary to Festo's arguments, leave should be granted because (1) the instant application is timely; (2) Plaintiff's additional allegations regarding damages for breach of contract are plausible and Festo's arguments to the contrary are not proper on a motion to amend; (3) Plaintiff has adequately alleged a claim for fraud and the economic loss doctrine is not applicable; and (4) the proposed First Amended Complaint does not contain any "provably false" allegations.

**ARGUMENT**

**POINT I**

**UNDER THE LIBERAL STANDARD APPLIED TO
MOTIONS FOR LEAVE TO AMEND, PLAINTIFF
SHOULD BE GRANTED LEAVE TO FILE ITS
FIRST AMENDED COMPLAINT**

As established in Plaintiff's opening brief, under the "liberal approach to the amendment of pleadings," leave should be granted to Plaintiff to file its proposed First Amended Complaint. *See, e.g.*, *Hoffmann-La Roche Inc. v. Cobalt Pharm., Inc.*, Nos. 07-4539 (SRC), 07-4540 (SRC), 08-4054 (SRC), 2010 WL 3118574, *2 (D.N.J. Aug. 5, 2010) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). Indeed, nothing in Defendant's opposition is sufficient to overcome the "general presumption [that] exists in favor of allowing a party to amend its pleadings." *See, e.g.*, *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 576 (D.N.J. 2002). Specifically, (1) the instant application is timely; (2) Festo's objections to Plaintiff's additional allegations regarding damages are not proper on a motion to amend; (3) Plaintiff has adequately alleged a claim for fraud; and (4) the proposed First Amended Complaint does not contain any "provably false" allegations. For these reasons, as discussed further below, Plaintiff's motion for leave to file the First Amended Complaint should be granted.

2

**A.**     <u>**The Proposed Amendment is Timely**</u>

Festo's assertion that the proposed amendment is untimely is false and irrelevant.  As an initial matter, this Court has already granted Plaintiff permission to proceed with this motion.  (Dkt. 22).  Moreover, although the Court entered a scheduling order in November 2016 (Dkt. 8), which required amendments to be made by February 10, 2017, Plaintiff did not receive the documents which form the basis of the amendment until this summer.   Indeed, since the entry of the November scheduling order, Festo has continued to provide piecemeal productions (that still fail to include crucial documents) [1] until as late as the end of November 2017.

With respect to the present application, Plaintiff only learned of the fraudulent pro forma that gives rise to its amended damages claim and fraud claim this summer and has acted quickly to amend the pleadings. Prior to the receipt and review of the documents produced this summer, it was impossible for Plaintiff to determine whether the final pricing for the transaction included both a 25% "commission" and a further 20-25% mark-up.  Contrary to Festo's assertion, the documents provided in January 2017, which Festo refers to as the "component information," were insufficient in and of themselves to provide Plaintiff with the necessary grounds to amend their complaint.  Indeed, these documents were only a

---

[1] Indeed, Festo's dilatory and questionable document collection and productions are the source of an application that is simultaneously pending with the Court. (Dkt. 25).

portion of the puzzle, camouflaged in a document dump, with inconsistencies and incompleteness apparent on the face of the documents.   There were also several inconsistent and contradictory pro formas provided at various points by Festo such that the "straightforward exercise in arithmetic" that Festo outlines was (and frankly, with the unresolved production deficiencies, still is) impossible to do with any degree of certainty.[2]

Notably, Festo does not (and cannot) contend that the purported "untimeliness" will cause any unfair prejudice or undue delay and is not the result of bad faith or dilatory motive.   *See, e.g.*, *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) ("The question of undue delay, as well as the question of bad faith, requires that [the Court] focus on the plaintiff['s] motives for not amending [its] complaint to assert [the] claim[s] earlier; the issue of prejudice requires that [the Court] focus on the effect on the [defendant]."). *Luppino v. Mercedes-Benz USA, LLC*, No. 09-CV-5582 (DMC-JAD), 2012 WL 850743, at *2 (D.N.J. Mar. 8, 2012) ("Unfair prejudice is usually found when there has been a significant unjustified delay in moving to amend that creates an unfair disadvantage for the defendant."). Indeed, Festo does not dispute that the amendments proposed in the First Amended Complaint do not broaden the scope of document discovery.   And, with respect to

---

[2] It was based on these inconsistencies and apparently incompleteness that Plaintiff submitted supplemental demands, deficiency letters, and the present discovery application pending before the Court.

depositions, while the proposed amendments may broaden the scope of deposition testimony, as no depositions have occurred -- and indeed, all depositions were stayed pending resolution of this motion -- no prejudice or undue delay will result.

## B.     Implausibility is Irrelevant on the Present Motion to Amend

Festo's assertion that Plaintiff's amended damages claim is implausible is simply irrelevant.  Specifically, Festo asserts that the "transaction" changed in nature from the time that Plaintiff originated the deal to the time that it was consummated and therefore Plaintiff's damages claim is implausible.[3]  This is not a new defense offered by Festo in response to a new calculation of damages -- rather, this has been Festo's response to Plaintiff's claims since before the filing of the initial complaint (but notably, not a ground asserted in its motion to dismiss). It is clearly an issue of fact that need to be resolved as part of this action and therefore not a basis to deny a motion to amend.  *Arevalo v. Brighton Garden*, No.15-2563 (MAS), 2016 WL 4975199, at *5 (D.N.J. Sept. 16, 2016 (holding that court "must accept the factual elements alleged in the well-pleaded complaint as true.").

---

[3] Festo also mischaracterizes Plaintiff's amended claim.  Contrary to their assertion, Plaintiff has clearly alleged that Festo owes USI the contracted for commission as well as any additional mark-up.

## C.     Plaintiff Has Adequately Pled a Claim
for Fraud

The elements of fraud in New Jersey are well-settled.  A plaintiff must plead "(1) a material misrepresentation by defendant of a presently existing or past fact;  (2) knowledge or belief by the defendant of its falsity; (3) an intention that the plaintiff rely on it; (4) reasonable reliance on the statement by the plaintiff; and (5) actual damages."  *Maertin v. Armstrong World Indus.*, 241 F. Supp. 2d 434, 458 n.17 (D.N.J. 2002).  Plaintiff has alleged each of the elements with the specificity required by Fed. R. Civ. P. 9(b).

Plaintiff has alleged that Lab-Volt transmitted a pro-forma to USI on or about June 19, 2012, which falsely misrepresented the structure and the value of the transaction.  Plaintiff has alleged Defendant's knowledge of the falsity of the misrepresentation because Defendant produced another pro-forma, bearing the same date and pro-forma number, which indicates the true structure and value of the transaction.  Plaintiff reasonably relied upon the false pro-forma and has been injured as a result. *See, e.g.*, *Brant Screen Craft, Inc. v. Watermarc Graphics, Inc.*, No. 10-3843 (DMC), 2012 WL 2522972, at *3 (D.N.J. June 28, 2012) (granting leave to amend to add claim for fraud); *Am. Gen. Life Ins. Co. v. Ellman Sav. Irrevocable Tr.*, No. 08-5364 (MLC), 2010 WL 5253611, at *7 (D.N.J. Dec. 17, 2010) (same).

Festo contends that Plaintiff has not identified the misrepresentation with the required specificity because -- *despite identifying the exact pro forma which contained the fraudulent statement* -- it has not identified who transmitted the fraudulent email. In support of this assertion, Festo relies upon an unpublished case from the District Court for the District of Massachusetts.   There is no precedent in this Court finding that a plaintiff has failed to meet the requisite specificity where the plaintiff has identified the exact writing that contains the fraudulent statement.

Festo's remaining contentions are equally meritless.   The assertion that Plaintiff has not adequately alleged reliance or damages is unfounded. Plaintiff has alleged that it relied upon the false pro forma in understanding the transaction and determining the scope of its damages and that it was damaged by the additional withholding of nearly $2 million owed to Plaintiff.   The remaining arguments -- regarding how the structure of the transaction may have changed -- are issues of fact that are not appropriate considerations on a motion to amend.

Festo's reliance on the economic loss doctrine is similarly misplaced. Generally, the economic loss doctrine bars recovery of purely economic loss in tort.   *See Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 308 (D.N.J. 2009) (stating rule).  However, as applied to fraud claims, the economic loss doctrine acts as a bar only where the alleged misrepresentation involves the "nonfulfillment of a

7

warranty or guarantee contained within the contract itself." *See Montclair State Univ. v. Oracle USA, Inc.*, No. 11-2867 (FLW), 2012 WL 3647427, at *5 (D.N.J. Aug. 23, 2012) (quoting *Florian Greenhouse, Inc. v. Cardinal IG Corp.*, 11 F. Supp. 2d 521, 528 (D.N.J. 1998)) (internal quotations omitted).  A plaintiff may proceed with a claim for fraud where the actions complained of are not expressly provided for in the contract.  *Id.* at *8; *Touristic Enters. Co. v. Trane Inc.*, No. 09-02732 (SRC), 2009 WL 3818087, at *3 (D.N.J. Nov. 13, 2009) ("Plaintiff adequately alleges that [Defendant] made specific assertions about equipment not covered by the contract, thereby inducing Plaintiff to accept the equipment modification and authorize payment. The Court is hard pressed to see how such conduct is not extrinsic to the underlying contract.").  Here, the misrepresentations go beyond the terms of the written agreement between the parties to additional sums that were due and payable to Plaintiff in connection with the transaction. Accordingly, the conduct is clearly extrinsic to the underlying contract and the economic loss doctrine is not applicable.

**D.    There are No "Provably False"**
       <u>**Allegations in the Proposed Amendment**</u>

Finally, Festo's argument regarding a "provably false" allegation contained in the proposed amendment is both wrong and irrelevant.  Plaintiff has alleged that it still has not been provided with a copy of the final contract with the U.S. Government.  In opposition, Festo asserts that it provided a copy of the

contract to counsel in January 2017.  Plaintiff has repeatedly expressed its concerns over the accuracy of the identified document.  Indeed, the document identified includes no information as to the pricing breakdown, has non-sequential pagination, and has a date that pre-dates the alleged finalization of the transaction. In support of the missing pricing, Festo has provided several versions of a pro-forma with various dates and prices, but no transmittal letters or emails that indicate that it was the actual document provided to the U.S. Government.  In sum, at a minimum, this is a question of fact that is not appropriate on a motion to amend but an appropriate issue for the Court to consider on Plaintiff's motion to compel or to be further investigated through discovery.[4]

---

[4] The single case cited by Festo is inapposite.  In *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978), the court considered whether the "delay unduly prejudice[d] the non-moving party."  The court was not considering an argument, as here, that a specific allegation in some way casts a non-moving party in a bad light.  The assertion that Festo is prejudiced by such an allegation is even further weakened by the fact that Plaintiff has already put this very issue before the court, in filings, by way of a discovery dispute.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the

Court grant Plaintiff's motion for leave to file its First Amended Complaint.


Dated:  December 11, 2017                    HERRICK, FEINSTEIN LLP
        Newark, New Jersey


                                     By:  s/Elena T. McDermott
                                     _____
                                          Elena T. McDermott
                                          Alan Kaplan
                                     One Gateway Center
                                     Newark, New Jersey 07102
                                     (973) 274-2002
                                     Attorneys for Plaintiff USI International
                                     Inc.

HF 11853949v.1 #17889/0001