# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| USI INTERNATIONAL INC., | Civil Action No. 15-8451 (MAS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| FESTO DIDACTIC INC., | |
| Defendant. | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff USI International Inc.'s ("Plaintiff") motion to file a First Amended Complaint. [Docket Entry No. 24]. Defendant Festo Didactic, Inc. ("Defendant") opposes Plaintiff's motion. [Docket Entry No. 28] The Court has fully reviewed the arguments made in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to amend is GRANTED.

## I. Background and Procedural History

On December 3, 2015, Plaintiff filed a Complaint alleging breach of contract (count one), breach of good faith and fair dealing (count two), unjust enrichment (count three), and fraudulent inducement (count four) against Defendant. [Docket Entry No. 1]. Defendant filed a motion to dismiss Plaintiff's second, third, and fourth claims on January 11, 2016 [Docket Entry No. 7]. On August 24, 2016, the District Court dismissed counts two and four without prejudice and denied Defendant's motion to dismiss count three of Plaintiff's Complaint. [Docket Entry No. 14].

A discovery Scheduling Order was entered on November 8, 2016 and discovery commenced. [Docket Entry No. 17]. Pursuant to the Scheduling Order, motions to amend were to be filed by February 10, 2017. On February 1, 2017, the deadline to move to amend was extended to March 24, 2017. While that deadline was not formally extended again prior to the April 13, 2017 telephone conference, during the status conference, the Court noted that it would address the remaining scheduling and any warranted extensions during the next telephone conference, which it set for June 15, 2017. On June 15, 2017, the Court, aware that certain discovery remained outstanding, noted that it would address the remaining schedule during a telephone conference scheduled for September 20, 2017.

On September 20, 2017, Plaintiff indicated a desire to amend its Complaint based on discovery it received over the summer. The Court directed Plaintiff to provide a copy of its proposed amended pleading to Defendant and for the parties to advise whether Plaintiff's proposed amendments could be made by consent. After reviewing Plaintiff's proposed Amended Complaint, Defendant advised that it would not consent to its filing. The Court therefore entered an Order on October 25, 2017, granting Plaintiff permission to file a motion to amend by November 10, 2017. In that Order, the Court also stayed all depositions that would be affected by Plaintiff's proposed amendments. [Docket Entry No. 22]. Plaintiff filed the instant motion on November 10, 2017 in compliance with the Court's Order. [Docket Entry No. 24].

Plaintiff states that through document discovery that occurred during the summer of 2017, Plaintiff learned that Defendant intentionally provided false information to Plaintiff. (Pl.'s Br. in Supp. of Mot. at 1). As a result, Plaintiff seeks to add new factual allegations, increase its damages claim, and add an additional cause of action for fraud. (Id.) Plaintiff argues that its motion should be granted because there has been no undue delay, bad faith or dilatory motive,

the amendment would not be futile and the amendment would not prejudice Defendant. (Id. at 10). Plaintiff notes that it filed the motion to amend soon after the discovery of facts that were previously unavailable to it. (Id.) Plaintiff further notes that document discovery had only recently concluded and no depositions have been conducted, therefore, no prejudice or undue delay will result from the amendment. (Id. at 11). Plaintiff argues that its amendment is not futile as it has alleged with specificity all of the elements of fraud. (Id. at 12).

Defendant argues that Plaintiff's motion should be denied because it is untimely, futile, prejudicial, and filed in bad faith. (Def.'s Br. in Opp'n at 1). Specifically, Defendant notes that the Court's November 8, 2016 Scheduling Order provided that motions to amend were to be filed by February 10, 2017, therefore Plaintiff's motion to amend was filed eight months late and that Plaintiff cannot show good cause for the delay. (Id. at 2). Defendant asserts that contrary to Plaintiff's assertion that it did not know about the apparent extent of the mark-up in the contract over Defendant's list price for the equipment until July 2017, Plaintiff actually had the component information since January 2017 when Defendant produced, as part of its first production of documents, a copy of its contract with the U.S government. (Id.).

Defendant argues that Plaintiff's new breach of contract claim is implausible. (Id. at 3). Defendant states that Plaintiff seeks to increase its claim for damages on a theory that it was entitled not only to the twenty-five percent commission it has been claiming from the outset but also to an additional mark-up margin. (Id.). In its assertion that Plaintiff's amended breach of contract claim is implausible on its face, Defendant explains the following:

> Plaintiff's allegations begin with a transaction in which it was dealing with the government of Oman. Plaintiff then acknowledges that funding for the project changed to U.S. government funds, which also required a change in the parties. The government's counterparty would have to be a U.S. entity. As a result the transaction became one between Defendant and the U.S. government. Thus, the negotiating and contracting parties changed entirely.

(Id. at 4). Defendant argues that Plaintiff's allegations apply to a mark-up by <u>Plaintiff</u>. (Id.). Defendant asserts that because it had become not only the negotiating, but also the contracting party, there could be no mark-up by Plaintiff. (Id.).

Defendant further argues that Plaintiff's fraud claim is futile because it lacks the requisite particularity, fails to show causation, and is barred by the economic loss doctrine. As the District Court stated in Its August 23, 2016 Opinion, Plaintiff must allege the five elements of fraud with the particularity required by Rule 9(b)'s heightened pleading standard and Plaintiff has failed to do so. (Id. at 5). Defendant states that Plaintiff failed to identify the individual speaker who made the alleged misrepresentation. (Id. at 5-6). Defendant argues that Plaintiff has failed to allege how it relied on the alleged misrepresentation, how it changed its position, what it would have done differently that would have avoided harm, what facts and circumstances made the reliance reasonable, or how the reliance harmed Plaintiff. (Id. at 6). Defendant further argues that Plaintiff has failed to allege a material misrepresentation of a presently existing fact as well as resulting damages. (Id. at 7).

Finally, Defendant argues that the proposed amended complaint includes a provably false allegation. Defendant asserts that the statement "despite repeated requests both pre-litigation and through this litigation, [Plaintiff] has not been provided with a copy of the contract" is false and amounts to bad faith as Defendant's counsel provided a copy of the contract to Plaintiff's counsel in January 2017. (Id. at 9).

Plaintiff responds arguing that the Defendant does not assert that the amendment is prejudicial, will cause undue delay, or is the result of bad faith or dilatory motive. (Pl.'s Reply Br. at 1). Instead, Plaintiff states that Defendant's arguments involve factual disputes that are not appropriate in considering a motion to amend. (Id.). Plaintiff argues that the motion is not

untimely as the Court gave it permission to file the motion by November 10, 2017, which it did. (Id.). Plaintiff notes that although the original deadline to file a motion to amend was February 10, 2017, Plaintiff did not receive the documents that form the basis of the amendment until the summer of 2017. (Id. at 3). Plaintiff argues that contrary to Defendant's assertion, the documents provided to Plaintiff in January 2017 "were only a portion of the puzzle, camouflaged in a document dump, with inconsistencies and incompleteness apparent on the face of the document." (Id. at 4). Plaintiff further argues that the "straightforward exercise in arithmetic" that Defendant asserts Plaintiff could have done to determine that there was a twenty-five percent mark-up "is impossible to do with any degree of certainty." (Id.)

**II.     Analysis**

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely "when justice so requires." *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In the first instance, the Court finds that Plaintiff's motion is timely and there has been no undue delay. While the initial Scheduling Order called for motions to amend the pleadings to be filed by February 10, 2017, the schedule in this matter was extended and on multiple occasions the Court indicated that it would address the remaining schedule at a future date. Further, and more importantly, on October 25, 2017 the Court entered a Letter Order specifically allowing

5

Plaintiff to file a motion to amend by November 10, 2017. [Docket Entry No. 22]. Plaintiff timely filed the instant motion on November 10, 2017 in compliance with said Order.

Further, the Court finds no dilatory motive or bad faith on Plaintiff's part. Plaintiff's motion to amend is based, in large part, on discovery it obtained during the summer of 2017. Plaintiff raised its desire to amend shortly thereafter during the Court's telephone conference held on September 20, 2017. Under these circumstances, there is nothing remiss about the timing of Plaintiff's request to amend. Further, while Defendant argues that the motion is a product of bad faith because Plaintiff's proposed Amended Complaint contains a "provably false" allegation that Plaintiff has not been provided with a copy of the final contract between Defendant and the United States Government, a contract Defendant contends it produced in January 2017, the Court notes that Plaintiff has taken issue with the document identified by Defendant since it was produced. Under the circumstances of this case, Plaintiff's allegation concerning the lack of production of the final contract between Defendant and the United States Government does not evince bad faith.

In addition, the Court finds that Plaintiff's proposed amendments are not futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka*, 481 F.3d at 211.

Further, because Plaintiff seeks to add a claim that sounds in fraud, his Amended Complaint must meet the heightened specificity requirement required by Rule 9(b). As the District Court noted in its Memorandum Opinion on Defendant's earlier motion to dismiss:

> To satisfy Rule 9(b), a plaintiff must "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Where appropriate, the plaintiff must also identify both the individual who made the misrepresentation and the person to whom the misrepresentation was made. *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) (Rule 9(b) requires a claimant to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the

statements were made, and (4) explain why the statements were fraudulent").

Mem. Op. of 8/24/2016 at 6; [Docket Entry No. 13].

For the purpose of assessing futility in the context of the instant motion to amend, the Court finds that Plaintiff has satisfied its pleading requirements on its proposed fraud claim. As Plaintiff sets forth in its reply brief on this motion:

> Plaintiff has alleged that Lab-Volt transmitted a pro-forma to USI on or about June 19, 2012, which falsely misrepresented the structure and the value of the transaction. Plaintiff has alleged Defendant's knowledge of the falsity of the misrepresentation because Defendant produced another pro-forma, bearing the same date and pro-forma number, which indicates the true structure and value of the transaction. Plaintiff reasonably relied upon the false pro-forma and has been injured as a result. *See, e.g., Brant Screen Craft, Inc. v. Watermarc Graphics, Inc.,* No. 10-3843 (DMC), 2012 WL 2522972, at *3 (D.N.J. June 28, 2012) (granting leave to amend to add claim for fraud); *Am. Gen. Life Ins. Co. v. Ellman Sav. Irrevocable Tr.*, No. 08-5364 (MLC), 2010 WL 5253611, at *7 (D.N.J. Dec. 17, 2010) (same).

(Pl.'s Reply Br. at 6; Docket Entry No. 30). The Court finds that Plaintiff's proposed fraud claim allegations contain sufficient information to satisfy Rule 9(b) and render said claim non-futile. Further, unlike with Plaintiff's original fraudulent inducement claim, which was dismissed by the District Court in part because Plaintiff did "not identify the speaker" of the alleged material misrepresentations "or state where or when the statements were made[,]" here Plaintiff has specifically identified the pro forma(s) containing the material misrepresentation. *See* Mem. Op. of 8/24/2016 at 6. The Court finds this to be sufficient. Further, the Court finds that Plaintiff's allegations adequately allege that Defendant's misrepresentations go beyond the underlying contract such that the economic loss doctrine does not make Plaintiff's proposed fraud claim futile.

In addition, Defendant's arguments concerning the implausibility of the damages sought by Plaintiff on its breach of contract claim does not convince the Court that Plaintiff's proposed amendments are futile. Instead, the Court finds that Defendant's arguments concerning Plaintiff's damages claim involve fact questions that will more appropriately be decided at a later time.

Finally, the Court finds that Defendant will not be prejudiced by Plaintiff's proposed amendments. Defendant does not raise any serious argument to the contrary. Indeed, it does not appear that Plaintiff's proposed Amended Complaint will broaden the scope of document discovery. Further, depositions were specifically stayed pending the Court's decision on this motion.

Under these circumstances, the Court shall permit Plaintiff to file its proposed Amended Complaint. Plaintiff is directed to do so no later than **June 22, 2018**.

### III. Conclusion

For the reasons state above, Plaintiff's motion seeking leave to file a First Amended Complaint is GRANTED. An appropriate Order follows.

Dated: June 12, 2018

    s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**