# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| USI INTERNATIONAL INC.,<br><br>Plaintiff,<br>v.<br><br>FESTO DIDACTIC INC.,<br><br>Defendant. | Civil Action No.: 3:15-cv-08451 (MAS)(TJB)<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE [LETTER ROGATORY] TO PERMIT THE DEPOSITION OF JEREMY DUGGAN** |

GREETINGS:

The United States District Court for the District of New Jersey presents its compliments to the appropriate judicial authority of Ontario, Canada and requests international judicial assistance to obtain evidence to be used in the above-captioned civil matter, which is proceeding before this Court.

This Court requests the assistance described herein as necessary in the interest of justice. The assistance requested is that the appropriate judicial authority of Ontario, Canada compel Jeremy Duggan, a former employee of defendant Festo Didactic Inc. ("Defendant" or "Festo"), to make himself available for an oral examination for discovery in the above-captioned matter. A list of examination topics is attached as Schedule A.

This request is related to a civil litigation that was commenced on December 3, 2015 by Plaintiff USI International Inc. ("Plaintiff" or "USI"). Plaintiff is an

Icaza Belize Trust corporation. The defendant, Festo, is a New Jersey corporation. Defendant acquired Lab-Volt Systems, Inc. ("Lab-Volt") in or about June of 2014.

Plaintiff alleges Defendant was contractually obligated to pay a commission to Plaintiff in exchange for Plaintiff's role in facilitating the sale of Defendant's electronic training equipment through a United States government program to the government of Oman for the Military Technical College of Oman ("MTC"). The agreement, which Plaintiff and Lab-Volt allegedly entered into in or about April of 2012, provided that Plaintiff would receive 25% of Lab-Volt's total contract price if the equipment was purchased at full Lab-Volt list price. Plaintiff alleges that it was also entitled to any additional markup in the final contract price. In or about June of 2014, Defendant acquired Lab-Volt and allegedly assumed its liabilities and contractual obligations. On October 10, 2014, the deal that Plaintiff allegedly originated closed, and Defendant was awarded an $11,099,361 contract to sell equipment through the United States government to the government of Oman. Defendant to date has not paid Plaintiff any compensation.

Jeremy Duggan is a key figure in the allegations in this litigation. Mr. Duggan was an employee of Lab-Volt and later became an employee of Festo when Festo acquired Lab-Volt. Mr. Duggan was Plaintiff's main point of contact at Lab-Volt and Festo, and his signature appears on the correspondence that Plaintiff claims memorializes the agreement between the parties.

Plaintiff also alleges that Mr. Duggan mischaracterized Lab-Volt's negotiations with the U.S. government, including sending false pro-formas to Plaintiff and misrepresenting the structure and value of the transaction. Mr. Duggan's conduct allegedly led Plaintiff to believe that it would be entitled to less compensation than it is allegedly owed. Plaintiff's Complaint alleges that Mr. Duggan's actions are central to the claims brought for breach of contract, unjust enrichment and fraud. Given his alleged involvement in the core issues of this case, Mr. Duggan's testimony is critical for this proceeding and is being requested in the interests of justice. Accordingly, this request is being made for assistance in obtaining an oral examination for discovery of Mr. Duggan in Ontario, Canada.

Your assistance in this matter is greatly appreciated, and this Court stands ready to provide similar judicial assistance to judicial authorities in Canada. Plaintiff has agreed to bear reasonable costs incurred in executing this Court's request.

Furthermore:

(1) This letter constitutes a formal request from the District Court for the District of New Jersey.

(2) This Court properly has jurisdiction over the above-captioned matter pursuant to 28 U.S.C. § 1332(a)(2).

(3) The District Court for the District of New Jersey has the power to direct the taking of evidence abroad pursuant to 28 U.S.C. § 1781(b)(2).

(4) This Court has the power to compel the attendance of witnesses and the production of documents by corporations and individuals both within and outside of its jurisdiction.

(5) The District Court for the District of New Jersey is a court of law and equity, not an administrative tribunal.

(6) The above-captioned matter is currently anticipated to go to trial and the testimony sought in this letter may be used in connection with that trial to the extent it is admissible under the United States Federal Rules of Evidence.

(7) The District Court for the District of New Jersey has granted enforcement of letters rogatory from Canadian courts.

**WILLIAM T. WALSH**, Clerk of Court

Lauren McGonigle, Deputy Clerk

Dated: 3/1/2019

(Seal of Court)

4

## SCHEDULE A

### Definitions

1. "Defendant" or "Festo" means Festo Didactic Inc., its directors, officers, employees, agents, affiliates, subsidiaries, assignees, predecessors, successors, and Lab-Volt Systems, Inc. following Festo Didactic Inc.'s acquisition of Lab-Volt Systems, Inc. in 2014.

2. "Lab-Volt" means Lab-Volt Systems, Inc., its directors, officers, employees, agents, affiliates, subsidiaries, assignees, predecessors, and successors.

3. "MTC" means the Military Technical College of Oman.

4. "Plaintiff" or "USI" means USI International Inc., its directors, officers, employees, agents, affiliates, subsidiaries, assignees, predecessors, and successors.

5. "Communications" means every conceivable manner or means of disclosure, transfer, or exchange of oral or written information (in the form of facts, ideas, inquiries, or otherwise) between one or more persons or entities, including, but not limited to, writings, documents, inter- and intra-office memoranda, correspondence, electronic mail, meetings, conferences, conversations, and agreements, whether face-to-face, by phone, by internet phone (e.g., Skype), by text messaging, by mail, by telecopier, by telex, by computer, or otherwise.

6. "Documents" means all documents or evidentiary matter reflecting text or Communications, whether stored electronically or in hard copy, including all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data and data compilations.

7. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

8. The terms "and" and "or" will be construed both conjunctively and disjunctively, and each will include the other whenever such a dual construction would serve to bring within a category Documents or information that would not otherwise be within its scope.

9. The singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of any category any Documents or information that would otherwise not be brought within its scope.

10. "Litigation" means the above-referenced litigation, which is currently pending in the District Court for the District of New Jersey.

11. "Equipment" means the electronic training equipment and services (e.g., training, warranty, and maintenance) that Festo agreed to provide to the MTC in the contract that is at issue in this Litigation.

12. "Exclusivity Agreement" means the agreement between Lab-Volt and USI pursuant to which Lab-Volt agreed to provide USI a commission in

connection with Lab-Volt securing a contract to provide the Equipment to the MTC.

13. "MTC Contract" means the agreement pursuant to which Festo agreed to provide the Equipment to the MTC.

14. "Letter of Offer and Acceptance" refers to the Letter of Offer and Acceptance originally dated October 3, 2012, restated on April 24, 2013, and modified on two occasions, which was executed by representatives of the United States Navy and the Omani Ministry of Defence, in connection with the provision of the Equipment to the Oman MTC.

## **Topics**

1. Mr. Duggan's general education, employment history, biographical information, and background;

2. Mr. Duggan's responsibilities during his employment at Lab-Volt and Festo;

3. Mr. Duggan's knowledge concerning the transaction by which Lab-Volt was acquired by Festo in June 2014;

4. The facts, circumstances, and communications concerning the Exclusivity Agreement between Lab-Volt and USI;

5. The sequence of events that led to Festo being designated as the provider of the Equipment to the MTC;

6. The facts, circumstances, and communications concerning the negotiation, execution, and performance of the Letter of Offer and Acceptance, modifications and amendments thereto, and the MTC Contract;

7. Mr. Duggan's communications with representatives of the United States government concerning the Letter of Offer and Acceptance, modifications and amendments thereto, the MTC Contract, and the Exclusivity Agreement between Lab-Volt and USI;

8. Mr. Duggan's communications with employees of Plaintiff concerning the Letter of Offer and Acceptance, modifications and amendments

thereto, the MTC Contract, and the Exclusivity Agreement between Lab-Volt and USI;

9. Mr. Duggan's communications with third-parties, including, but not limited to, representatives of the Omani government, representatives of the MTC, Kevin Whitt, and Professor Andrew Self, concerning the Letter of Offer and Acceptance, modifications and amendments thereto, the MTC Contract, and the Exclusivity Agreement between Lab-Volt and USI;

10. Mr. Duggan's communications with employees and representatives of Lab-Volt and Festo concerning the Letter of Offer and Acceptance, modifications and amendments thereto, the MTC Contract, and the Exclusivity Agreement between Lab-Volt and USI;

11. The prices that Lab-Volt and/or Festo proposed, offered, considered, or accepted as consideration in connection with the Letter of Offer and Acceptance, modifications and amendments thereto, and the MTC Contract;

12. The payment of commissions and/or other compensation to USI by Lab-Volt and Festo.

13. The Documents Festo has produced in connection with this Litigation from Mr. Duggan's email and document storage;

14. Mr. Duggan's Document retention practices and habits;

15. The contents of Documents that are relevant to this Litigation that Mr. Duggan deleted, the dates or approximate dates on which they were deleted, and his reasons for doing so; and

16. The facts and circumstances alleged in the Complaint, or asserted as defenses, in this litigation.