Helen A. Nau
KROVATIN KLINGEMAN LLC
60 Park Place, Suite 1100
Newark, NJ 071102
Phone (973) 424-9777
Fax (973) 424-9779
hnau@krovatin.com

*Local Counsel to Defendant Festo Didactic, Inc.*

Gregory F. Hauser, Esquire
WUERSCH & GERING LLP
100 Wall Street, 10th Floor
New York, NY 10005
Phone (212) 509-5050
Fax (212) 509-9559
gregory.hauser@wg-law.com

*Counsel to Defendant Festo Didactic Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| USI INTERNATIONAL INC.<br><br>Plaintiff,<br><br>vs.<br><br>FESTO DIDACTIC INC.,<br><br>Defendant. | CIVIL ACTION NO.: 3:15-CV-08451-MAS-TJB<br><br>**DECLARATION OF GREGORY F. HAUSER** |

GREGORY F. HAUSER declares as follows:

1.   I am an attorney admitted to practice before the Courts of the State of New York and *pro hac vice* before this Court and a partner in the law firm of Wuersch & Gering, LLP.

2.   I am lead counsel for Defendant Festo Didactic, Inc.

3.   I make this declaration based on personal knowledge and the record in this action in opposition to Plaintiff's motion for leave to file a Second Amended Complaint.

4.   Accompanying my declaration as Exhibit A is a true copy of excerpts of the deposition transcript of Jonathan Abbott, taken in this action on November 6, 2019.

5.   Accompanying my declaration as Exhibit B is a true copy of excerpts of the deposition transcript of Dr. Nader-Iman Imani, taken in this action on November 15, 2019.

6.   Accompanying my declaration as Exhibit C is a true copy of an email I sent counsel for Plaintiff on November 13, 2019.

7.   Defendant has received from Plaintiff no information in discovery, whether in the form of an amended damages disclosure or of documents, supporting or otherwise relating to Plaintiff's new claim concerning the amount of the underlying contract and Plaintiff's damages.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 5, 2019

_____

Gregory F. Hauser

# EXHIBIT A

1

2    *CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER*

3          UNITED STATES DISTRICT COURT

4        FOR THE DISTRICT OF NEW JERSEY

5    ------------------------------------x

6    USI INTERNATIONAL, INC.,

7                          Plaintiff,

8    vs.                      Civil Action No.
                          3:15-cv-08451 (MAS)(TJB)

9    FESTO DIDACTIC, INC.,

10                         Defendant.

11   ------------------------------------x

12

                    DEPOSITION OF JONATHAN ABBOTT

13

                       Orlando, Florida

14

                    Wednesday, November 6, 2019

15

16

17

18

19

20

21

22   Reported by:

23   DONALD R. DePEW, RPR, CRR, FPR

24   JOB NO. 171159

25

Page 2

1

2

3

4                     November 6, 2019

5                     10:02 a.m.

6

7

8

9         Deposition of JONATHAN ABBOTT,

10    held at Air Force Agency for Modeling and

11    Simulation, 3051 Technology Parkway, Orlando,

12    Florida, before Donald R. DePew, a Registered

13    Professional Reporter, Certified Realtime

14    Reporter, Florida Professional Reporter, and

15    Notary Public of the State of Florida at Large.

16

17

18

19

20

21

22

23

24

25

```
                                                        Page 3
 1
 2      A P P E A R A N C E S:
 3

        LEWIS BAACH KAUFMANN MIDDLEMISS
 4      Attorneys for Plaintiff
             The Chrysler Building
 5           405 Lexington Avenue
             New York, New York 10174
 6      BY:  ERIKA LEVIN, ESQ.
             DIANE CAMACHO, ESQ.
 7
 8
 9

        WUERSCH & GERING
10      Attorneys for Defendant
             100 Wall Street
11           New York, New York 10005
        BY:  GREGORY HAUSER, ESQ.
12
13

        THOMAS WILSON, Associate Counsel
14      Attorney for Witness
             Naval Air Warfare Center
15           Training Systems Division
             12211 Science Drive
16           Orlando, Florida 32826
17

        ALSO PRESENT:
18           BURAK YAHSI, President, USI International
19
20
21
22
23
24
25
```

1           Confidential - Jonathan Abbott

2  J O N A T H A N   A B B O T T,   called as a

3     witness, having been duly sworn by the Notary

4     Public, was examined and testified as follows:

5              MS. LEVIN:  Erika Levin, LBKM, on

6         behalf of USI International, the plaintiff.

7              MS. CAMACHO:  Diane Camacho, also with

8         LBKM and also on behalf of USI

9         International.

10             MR. YAHSI:  Burak Yahsi, USI

11        International.

12             MR. HAUSER:  Gregory Hauser, Wuersch &

13        Gering, for the defendant.

14             MR. WILSON:  Thomas Wilson from the

15        Department of the Navy, Office of General

16        Counsel, here on behalf of the United States

17        Navy.

18             THE WITNESS:  Jonathan Abbott,

19        contracts department, Naval air warfare

20        center, training systems division,

21        United States Navy.

22             MS. LEVIN:  Thank you.

23  EXAMINATION BY

24  MS. LEVIN:

25        Q.    So once again my name is Erika Levin.

Confidential - Jonathan Abbott

1
2          When did you move to Florida?

3     A.    1989.

4     Q.    Oh, okay.

5          And Orlando area or --

6     A.    Orlando, yes.

7     Q.    And please describe your education

8  post high school.

9     A.    I attended the University of Florida,

10 Gainesville, Florida, and got a bachelors in

11 finance.

12    Q.    Okay.  And please state your current

13 title.

14    A.    Currently I am a contracting officer.

15    Q.    With whom?

16    A.    The United States Navy.

17    Q.    Okay.  And how long have you been in

18 that position?

19    A.    It's three and a half years.

20    Q.    Okay.  And do you understand the

21 purpose of our deposition today?

22    A.    Yes.

23    Q.    Do you recall being involved with

24 respect to the sale of training equipment for

25 the Oman Military Technical College?

1        Confidential - Jonathan Abbott

2        A.     They are the customer.

3        Q.     So with respect to the Military

4   Technical College in Oman what is your

5   familiarity with the entity?

6        A.     That it is a training college, you

7   know, for the Oman defense department where

8   various training activities occur.

9        Q.     And when were you first I guess made

10  aware of the transaction, FMS transaction,

11  relating to the Military Technical College?

12       A.     When I came on board I believe in the

13  summer of 2014.

14       Q.     Okay.  And what were your

15  responsibilities with respect to the

16  transaction?

17       A.     I was responsible for negotiating the

18  contract, the price of the contract, and setting

19  up the award document, and subsequent to

20  execution of the award document administration

21  post award.

22       Q.     Do you recall when the U.S. Embassy

23  first contacted Lab-Volt in relation to the Oman

24  Military Technical College?

25       A.     I do not know that.

1          Confidential - Jonathan Abbott

2     the program at that time.

3          Q.    Oh, he passed away -- hold on.

4                You became involved in mid-2014,

5     correct?

6          A.    Correct.

7          Q.    When did Mr. Morgan pass away?

8          A.    I believe in 2017, late 2016, 2017.

9          Q.    And I thought you testified at the

10    very beginning that you'd been involved with

11    this contract post award administration?

12         A.    I did post award administration.  I

13    did not -- I am not currently doing post award

14    administration.

15         Q.    Ah-ha.  Until when were you involved

16    with post award administration?

17         A.    I believe early 2016, if I can recall

18    correctly.

19         Q.    So about a year and a half or so?

20         A.    It sounds about right.

21         Q.    Okay.  In that time were there any

22    amendments to this contract adding additional

23    equipment?

24         A.    Not adding additional equipment, no.

25         Q.    Okay.  To your knowledge after you

Page 214

1          Confidential - Jonathan Abbott

2     left were there any adding additional training

3     equipment?

4          A.     To my knowledge, no.

5          Q.     If we look at Exhibit 39.

6                 Do you have that?

7          A.     Okay.

8          Q.     Now do you see where it's talking

9     about Oman -- 2 percent of the service being

10    provided in Oman?

11         A.     Okay.

12         Q.     All right.  But in fact service in

13    Oman wasn't the only component of the warranty

14    and after delivery service, was it?

15         A.     Correct.

16         Q.     And in fact there was anticipated that

17    part of the warranty costs would involve

18    equipment that had to be shipped back to Canada

19    to be repaired and then shipped back to Oman,

20    correct?

21         A.     Correct.

22         Q.     So some of the warranty was in fact

23    included in the 90 -- in this e-mail, the

24    95 percent Canadian effort, correct?

25         A.     That's my understanding.

Page 228

```
 1

 2                C E R T I F I C A T E

 3    STATE OF FLORIDA   )

 4                            : ss.

 5    COUNTY OF ORANGE   )

 6

 7          I, DONALD R. DePEW, a Registered

 8    Professional Reporter, Certified Realtime

 9    Reporter, Florida Professional Reporter, and

10    Notary Public within and for the State of

11    Florida at Large, do hereby certify:

12          That JONATHAN ABBOTT, the witness whose

13    deposition is hereinbefore set forth, was duly

14    sworn by me and that such deposition is a true

15    record of the testimony given by the witness.

16          I further certify that I am not related

17    to any of the parties to this action by blood or

18    marriage, and that I am in no way interested in

19    the outcome of this matter.

20          IN WITNESS WHEREOF, I have hereunto set

21    my hand this 18th day of November, 2019.

22

23          _____

24                  DONALD R. DePEW, RPR, CRR, FPR

25
```

# EXHIBIT B

Page 1

```
 1
 2      UNITED STATES DISTRICT COURT
 3      FOR THE DISTRICT OF NEW JERSEY
 4      - - - - - - - - - - - - - - - - - - - - - - - -x
 5      USI INTERNATIONAL, INC,.
 6                      Plaintiff,
                v.                        Civil Action No.
 7                                        3:15-cv-08451
        FESTO DIDACTIC INC.,             (MAS)(TJB)
 8
                      Defendant.
 9
        - - - - - - - - - - - - - - - - - - - - - - - -x
10
11             DEPOSITION OF NADER-IMAN IMANI
12                  New York, New York
13              Friday, November 15, 2019
14                    10:13 a.m.
15
16
17
18
19
20
        Reported by:
21      LYNN VAN DEN HENDE
        CRR, RMR, RPR, CSR-NY, CSR-CA, CSR-IL
22      JOB NO: 171890
23
24
25
```

Page 2

1

2

3

4                        November 15, 2019

5                        10:13 a.m.

6

7            Deposition of NADER-IMAN IMANI, held

8       at the offices of Wuersch & Gering, 100 Wall

9       Street, New York, New York, pursuant to

10      Notice, before Lynn Van Den Hende, Certified

11      Realtime Reporter, Registered Merit

12      Reporter, State of New York Certified

13      Shorthand Reporter, State of California

14      Certified Shorthand Reporter, State of

15      Illinois Certified Shorthand Reporter,

16      Registered Professional Reporter, and Notary

17      Public within and for the State of New York.

18

19

20

21

22

23

24

25

Page 3

1

2    A P P E A R A N C E S:

3    FOR THE PLAINTIFF:

4         LEWIS BAACH KAUFMANN MIDDLEMISS

5         405 Lexington Avenue

6         New York, NY 10174

7         BY:   ERIKA LEVIN, ESQ.

8         BY:   DIANE CAMACHO, ESQ.

9         BY:   ADAM KAUFMANN, ESQ.

10

11

12

13

14

15   FOR THE DEFENDANT:

16        WUERSCH & GERING

17        100 Wall Street

18        New York, NY 10005

19        BY:   GREGORY HAUSER, ESQ.

20

21

22

23   ALSO PRESENT:

24        BURAK YAHSI

25

```
 1                    N. Imani
 2   N A D E R - I M A N   I M A N I,
 3        called as a witness, having been duly
 4        sworn by a Notary Public, was examined
 5        and testified as follows:
 6             MS. LEVIN:  Erika Levin, LBKM,
 7        on behalf of USI International.
 8             MS. CAMACHO:  Diane Camacho,
 9        also LBKM, on behalf of USI
10        International.
11             MR. KAUFMANN:  Adam Kaufmann,
12        also with LBKM, on behalf of USI.
13             MR. YAHSI:  Burak Yahsi, USI
14        International.  Thank you.
15             MR. HAUSER:  And I'm Gregory
16        Hauser of Wuersch & Gering for the
17        defendant.
18             THE WITNESS:  I'm Nader Imani,
19        Festo Didactic.
20   EXAMINATION
21   BY MS. LEVIN:
22        Q.   So thank you, Mr. Imani or
23   Dr. Imani for being here today.
24             My name is Erika Levin.  I'm an
25   attorney for USI, the plaintiff in this
```

Page 201

1                          N. Imani

2     EXAMINATION

3     BY MR. HAUSER:

4          Q.     Dr. Imani, just to clear up a

5     few things, your current employer is Festo

6     Didactic S.E., correct?

7          A.     Yes.

8          Q.     Okay.  Since the contract

9     between Festo Didactic, Inc. and the U.S.

10    Government was signed in October of 2014,

11    was all that equipment that was listed

12    delivered by Festo Didactic, Inc. to Oman?

13         A.     Yes, the contract we signed in

14    2014 was delivered completely.

15         Q.     And did the U.S. Government pay

16    for it?

17         A.     Yes.

18         Q.     Okay.  And was there ever any

19    additional equipment added to that

20    contract?

21         A.     No.

22         Q.     So there was the roughly $11

23    million and nothing -- for goods and

24    services and nothing more than that,

25    correct?

1                         N. Imani

2          A.      And that's it.

3          Q.      Let's go back to Exhibit 4.

4                  And looking at the page that's

5     labeled defendant 401, do you remember

6     that letter?

7          A.      Yes.

8          Q.      Do you see in the second line

9     there's a reference to offset funding for

10    the project?

11         A.      Yes.

12         Q.      Did this project end up having

13    offset funding?

14         A.      No.

15         Q.      Offset funding is distinct and

16    different from FMS funding, correct?

17         A.      Completely.

18         Q.      Okay.  Let's take a look at

19    Exhibit 10.

20                 Do you remember you were asked

21    before what LOA meant?

22         A.      Yes.

23         Q.      And you testified it meant

24    letter of acceptance?

25         A.      Yes.

Page 217

```
 1
 2              C E R T I F I C A T E
 3    STATE OF NEW YORK   )
 4                        )  :ss
 5    COUNTY OF NEW YORK  )
 6
 7           I, LYNN VAN DEN HENDE, a Certified
 8    Shorthand Reporter and Notary Public, within and
 9    for the State of New York, do hereby certify:
10           That NADER-IMAN IMANI, the witness
11    whose deposition is hereinbefore set forth, was
12    duly sworn by me and that such deposition is a
13    true record of the testimony given by such
14    witness.
15           I further certify that I am not
16    related to any of the parties to this action by
17    blood or marriage and that I am in no way
18    interested in the outcome of this matter.
19           In witness, whereof, I have hereunto
20    set my hand this 22nd day of November, 2019.
21
22
23
                    _____
24                  LYNN VAN DEN HENDE
                    CRR, RMR, RPR, CSR-NY, CSR-CA, CSR-IL
25
```

# EXHIBIT C

## Gregory F. Hauser

| | |
|---|---|
| **From:** | Gregory F. Hauser |
| **Sent:** | Wednesday, November 13, 2019 12:36 PM |
| **To:** | 'Erika Levin' |
| **Cc:** | Lauren Skala; Mackenna White; Diane Camacho |
| **Subject:** | RE: Navy Depositions |
| | |
| **Importance:** | High |

Two matters left over from last week:

1. At one of the depositions, you marked a document labeled Duggan ####.  Was there a Duggan production?  If so, I don't have it.  Please clarify this.
2. You have repeatedly mentioned evidence of another transaction.  None has ever been produced.  It would clearly be within your continuing duty to produce and should have been produced when obtained.

WUERSCH & GERING

Gregory F. Hauser | Partner
Wuersch & Gering LLP | 100 Wall Street, 10th Fl. | New York, NY 10005
212-509-4717 (direct) | 212-509-5050 (firm)
gregory.hauser@wg-law.com | www.wg-law.com

**From:** Erika Levin [mailto:Erika.Levin@LBKMLAW.com]
**Sent:** Wednesday, November 13, 2019 11:07 AM
**To:** Gregory F. Hauser <gregory.hauser@wg-law.com>
**Cc:** Lauren Skala <Lauren.Skala@LBKMLAW.com>; Mackenna White <Mackenna.White@LBKMLAW.com>; Diane Camacho <Diane.Camacho@LBKMLAW.com>
**Subject:** RE: Navy Depositions

Here are the attendees from our side: Erika Levin, Adam Kaufmann, Diane Camacho, and Burak Yahsi. Lauren will provide the name of the court reporter.

Please confirm your availability for depos on November 21, 22 and/or December 4, 5, 6 so that we can finalize the schedule with the deponents.

Let's plan on starting at 10am on Friday.

Thank you,

Erika

Erika Levin

## Lewis Baach Kaufmann Middlemiss PLLC

1