David L. Cook, Esq.
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Tel. (973) 643-7000
Fax (973) 643-6500
dcook@sillscummis.com
*Attorneys for Petitioner, Pro Se*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| USI International Inc., | Civil Action No.: 3:15-cv-08451 (MAS)(TJB) |
| Plaintiff, | |
| v. | |
| Festo Didactic Inc., | **VERIFIED PETITION ON BEHALF OF SILLS CUMMIS & GROSS P.C. FOR AN ATTORNEYS' FEE LIEN PURSUANT TO N.J.S.A. 2A:13-5** |
| Defendant. | |

Petitioner Sills Cummis & Gross P.C. ("Sills" or "Petitioner"), having an office at 1 Riverfront Plaza, 13th Floor, Newark, New Jersey 07102, by way of verified petition for the limited purpose of recognizing its attorneys' fee lien pursuant to N.J.S.A. 2A:13-5 against its former client, the plaintiff in this action, USI International Inc. ("USI" or "Plaintiff"), and to place all counsel and parties on notice of Sills' lien from the inception of the representation, states as follows:

### PARTIES

1.     Petitioner Sills is a profession corporation engaged in the practice of law in the State of New Jersey.

2.　　Plaintiff USI previously engaged Sills to act as counsel on its behalf in this above-captioned action by written retainer agreement dated January 16, 2018 (the "Retainer Agreement").

## JURISDICTION

3.　　Pursuant to *Novinger v. E.I. DuPont Nemours & Co., Inc*., 809 F.2d 212 (3d Cir. 1987) and *United States of America v. The Cooper Health System*, No. 08-5626, 2013 U.S. Dist.LEXIS 56809 (D.N.J. Apr. 22, 2013), this Court has ancillary jurisdiction over disputes regarding fees and costs relating to legal representation in this action.

## FACTS

4.　　Sills substituted in as counsel to USI on February 21, 2018, taking over for USI's withdrawing former counsel, Herrick Feinstein LLP ("Herrick").  [Docket No. 32.]

5.　　In conjunction with USI's engagement of Sills in this action, and pursuant to the terms of the Retainer Agreement, USI agreed to pay Sills on an hourly basis for the services rendered and to reimburse Sills for disbursements that it made on USI's behalf.

6.　　Petitioner undertook to and did duly perform the services on behalf of USI for which it had been engaged pursuant to the Retainer Agreement.

7.　　 Approximately a year and a half later, in June 2019, USI retained a new counsel to represent Plaintiff in this action and Sills withdrew from the representation pursuant to USI's instruction.  [Docket Nos. 50, 51.]

8.　　During the course of the representation, Sills provided periodic written invoices to USI detailing the work performed and amount due and owing in connection with those services and costs in relation to this matter.

2

9.      USI failed to pay multiple invoices totaling $196,076.38 as of June 30, 2019. After deduction of the $50,000 retainer fee paid by USI to Sills at the inception of the representation, there remains due and owing by USI to Sills a balance of $146,076.38 as of June 30, 2019 ("Unpaid Fees"), exclusive of late fees and interest.  A statement of account from the last invoice to USI for work on this litigation showing the unpaid balance owed by USI to Sills prior to deduction of the $50,000 retainer is annexed hereto as Exhibit A.

10.      Sills repeatedly attempted to obtain payment from USI but USI to date has not paid the amount due and owing.

11.      On or about August 12, 2019, Sills provided a pre-action notice to USI pursuant to New Jersey Court Rule 1:20A-6 (the "NJ Notice") and N.J.S.A. 2A:13-6 of the right to arbitrate this fee dispute.  A true and correct copy of the NJ Notice is annexed hereto as Exhibit B.[1]

12.      On or about October 2, 2019, Sills also provided a notice to USI pursuant to 22 N.Y.C.R.R. Part 137 concerning the right to arbitrate this fee dispute (the "NY Notice," collectively with the NJ Notice, the "Notices").  A true and correct copy of the NY Notice is annexed hereto as Exhibit C.

13.      USI did not respond to either of the Notices.

14.      Notwithstanding Sills' repeated requests for payment, USI has failed to pay the Unpaid Fees.

15.      The Retainer Agreement further contains a JAMS arbitration provision for disputes concerning the Retainer Agreement.  Accordingly, Sills is in the process of commencing

---

[1] The amount reflected in the NJ Notice appears to have either inadvertently omitted a "1" before the amount due or inadvertently deducted USI's $50,000 retainer twice, reflecting an erroneous $100,000 deduction rather than the proper $50,000 deduction in the account balance.  The correct amounts as of June 30, 2019, both before and after the retainer fee deduction, are reflected in the statement of account (Exhibit A) and subsequent NY Notice (Exhibit C). The final amount owed will be higher due to accruing late fees, interest and ongoing costs of collection.

a separate JAMS arbitration to fix the final amount due and owing by USI to Sills, consisting of attorneys' fees, costs, disbursements, costs of collection, late fees and applicable interest.

16.    The Retainer Agreement further provides that if USI fails to timely pay Sills' invoices for services rendered, USI "agrees that [Sills] will be entitled to recover [Sills'] costs and expenses, including [Sills'] legal fees and expenses, in connection with the collection of amounts owed."

17.    Sills' fees and expenses will continue to accrue in connection with collection of the Unpaid Fees, including, but not limited to, the costs for a separate arbitration to set the final amount owed by USI to Sills.

18.    In the meantime, pending the outcome in the JAMS arbitration, Sills' charging lien attaches from the inception of the representation to any amounts received by USI in connection with this action, including but not limited to any monetary judgment awarded to USI or settlement amount paid to USI by defendant Festo Didactic Inc.

19.    Under New Jersey law, Sills obtained an attorneys' fee lien upon the inception of its representation as to any proceeds USI obtains from this litigation.  N.J.S.A. 2A:13-5 provides:

> After the filing of a complaint . . ., the attorney or counsellor at law, who shall appear in the cause for the party instituting the action . . ., shall have a lien for compensation, upon his client's action, cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien.

20.    New York has a similar attorneys' fee charging lien statute.  New York Judiciary Law § 475 provides:

> From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, or the initiation of any means of alternative dispute resolution including, but not limited to, mediation or arbitration, or the provision of services in a settlement negotiation at any stage of the dispute, the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

21.    An attorney's statutory lien therefore arises upon the attorneys' representation in the action and attaches to the verdict, judgment, decision, award, or other final disposition.

22.    Procedurally, as Judge Michael A Shipp, U.S.D.J., has explained, "an attorney who wants to assert an attorney's lien must file a petition with the court and issue a pre-action notice to the client." *In re Oncology Assocs. Of Ocean County, LLC*, No. 14-228 (MAS), 2015 U.S. Dist. LEXIS 75798 *3 (D.N.J. June 11, 2015) (Shipp, J.); *see generally, Thorner v. Sony Computer Entm't Am. LLC, et al.,* No. 09-1894, 2014 U.S. Dist. LEXIS 63524 (MLC).

23.    Accordingly, Sills petitions this Court for the limited purpose of ordering Sills' statutory and common law attorneys' fee charging lien that attaches to any recovery by USI in this action through judgment, award or settlement.  Sills is not requesting this Court to determine the actual amount of the fee award.  The final amount of Sills' lien will be determined by JAMS arbitration pursuant to the terms of the Retainer Agreement, at which point the lien in this case may be adjusted, amended or modified to comport with the arbitral award.

**WHEREFORE**, Petitioner hereby demands relief against Plaintiff USI as follows:

A.      An Order recognizing an attorney fee lien pursuant to N.J.S.A. 2A:13-5 in an amount of at least $146,076.38 for fees as of June 30, 2019 (the "Fee Lien"), pending conclusion of a JAMS arbitration to determine and affix the final attorneys' fee lien amount applicable to any final judgment, award or settlement in this action.

B.      An Order directing the parties and their counsel and/or other agents, in the event of a judgment, award or settlement in USI's favor, to deposit the Fee Lien amount from the proceeds into the Court's trust account and/or hold the Fee Lien amount in escrow in USI's counsel's trust account pending a final determination of the amount owed by USI to Sills in the JAMS arbitration.

C.      Such further and additional relief as the Court may deem equitable, just and proper.


Dated:      Newark, New Jersey
            December 13, 2019

                              SILLS CUMMIS & GROSS P.C.


                              By: _____
                                       David L. Cook
                              One Riverfront Plaza
                              Newark, NJ 07102
                              Tel. (973) 643-7000
                              Fax (973) 643-6500
                              dcook@sillscummis.com

                              *Attorneys for Petitioner, Pro Se*

**VERIFICATION**

STATE OF NEW JERSEY    )
                              ) ss:
COUNTY OF ESSEX    )

      I, David L. Cook, of full age, upon my oath, depose and state as follows:

      1.      I am a member of petitioner Sills Cummis & Gross P.C. ("Petitioner"), in this proceeding. I am authorized to make this Verification on behalf of Petitioner. I verify that the statements contained herein are true to the best of my current knowledge, information and belief.

                                                  David L. Cook

Sworn and subscribed to
Before me this 13th day
of December 2019

Notary

BARBARA A. KARBOWSKI
PUBLIC OF NEW JERSEY

BARBARA A. KARBOWSKI
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 7/23/2021

# Exhibit A

# SILLS CUMMIS & GROSS

A PROFESSIONAL CORPORATION

THE LEGAL CENTER
ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5400
(973) 643-7000

Page                    6
Inv#              1754379
Date            07/16/19
10010024.000001    - DLC

USI International Inc.
Attn: Mr. Burak Yahsi
60 Market Square
P.O. Box 364
Belize City, Belize

FEI#22 - 1920331

RE: Oman

---

## REMITTANCE ADVICE

For legal services rendered through June 30, 2019.

|  |  |
|---|---:|
| Fees | $10,259.50 |
| Less 10% Fee Discount | ($1,025.95) |
| Total Fees | $9,233.55 |
| Total Disbursements | $2,045.90 |
| **TOTAL THIS INVOICE** | **$11,279.45** |
| Prior Open Invoice (s) | $184,796.93 |
| **TOTAL AMOUNT DUE** | **$196,076.38** |

TO INSURE PROPER CREDIT TO YOUR ACCOUNT PLEASE RETURN THIS
REMITTANCE ADVICE WITH YOUR PAYMENT.

# Exhibit B

## David L. Cook

| | |
|---|---|
| **From:** | Joshua N. Howley |
| **Sent:** | Monday, August 12, 2019 9:58 AM |
| **To:** | burakyahsi@gmail.com; ufuk@ufukltd.com |
| **Cc:** | David L. Cook; Michelle Lackey |
| **Subject:** | Fee Arbitration Notice |
| **Attachments:** | SKM_C65919081209500.pdf |

Please see the attached letter.

**Joshua N. Howley**
Member of the Firm



<u>website</u> | <u>bio</u> | <u>vCard</u> | <u>newsroom</u> | <u>email</u>  

One Riverfront Plaza, Newark, NJ 07102
p (973) 643-5341  |  m (201) 736-2344  |  f (973) 643-6500   <u>map</u>

101 Park Avenue, 28th Floor, New York, NY 10178
p (212) 643-7000  |  f (212) 643-6500   <u>map</u>

# SILLS CUMMIS & GROSS

A PROFESSIONAL CORPORATION

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

101 Park Avenue, 28th Floor
New York, NY 10178
Tel: 212-643-7000
Fax: 212-643-6500

Joshua N. Howley
Member
Direct Dial: (973) 643-5341
E-mail: jhowley@sillscummis.com

100 Overlook Road, 2nd Floor
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

August 12, 2019

**VIA E-MAIL, REGULAR MAIL,**
**and CERTIFIED MAIL, R.R.R.**

Mr. Burak Yahsi, CEO
USI International Inc.
60 Market Square
P.O. Box 364
Belize City, Belize

  **Re:**  **Fee Arbitration Notice**

Dear Mr. Yahsi:

  We are disappointed that USI International, Inc. ("USI") has not satisfied its overdue invoices for legal services rendered and costs incurred. As you know, the outstanding invoices currently due and owing total **$96,076.38**, after applying the $50,000.00 retainer.

  Therefore, this letter shall constitute notice pursuant to New Jersey Court Rule 1:20A-6 that our firm intends to commence a legal proceeding against USI to recover the outstanding fee after the expiration of 30 days from your receipt of this letter. This letter also confirms that we have ceased performing legal services for USI.

  USI has the right to request fee arbitration of this dispute by the District VA – Essex County Fee Arbitration Committee. If you desire fee arbitration, you should immediately call the secretary of the Committee whose contact information is provided below to request the appropriate forms:

SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

Mr. Burak Yahsi
August 12, 2019
Page 2

> District VA - Essex County – Newark
> Jodi Rosenberg, Esq., Secretary
> District VA Fee Arbitration Committee
> 343 Millburn Avenue, Suite 305
> Millburn, New Jersey  07041
> 973-637-0099

If USI does not promptly communicate with the Fee Arbitration Committee to file the approved form of request for fee arbitration within 30 days after receiving this pre-action notice, USI will lose its right to initiate fee arbitration.

Of course, these proceedings can be avoided entirely if we receive full payment of the outstanding fees forthwith.

Very truly yours,

Joshua N. Howley

# Exhibit C

**David L. Cook**

| | |
|---|---|
| **From:** | Joshua N. Howley |
| **Sent:** | Wednesday, October 2, 2019 2:41 PM |
| **To:** | burakyahsi@gmail.com; ufuk@ufukltd.com |
| **Cc:** | David L. Cook; Michelle Lackey |
| **Subject:** | Fee Arbitration Notice |
| **Attachments:** | New York Fee Arbitration Notice to USI.PDF |

Please see the attached correspondence.

**Joshua N. Howley**
Member of the Firm



<u>website</u> | <u>bio</u> | <u>vCard</u> | <u>newsroom</u> | <u>email</u>   

One Riverfront Plaza, Newark, NJ 07102
p (973) 643-5341  |  m (201) 736-2344  |  f (973) 643-6500   <u>map</u>

101 Park Avenue, 28th Floor, New York, NY 10178
p (212) 643-7000  |  f (212) 643-6500   <u>map</u>

# SILLS CUMMIS & GROSS
### A PROFESSIONAL CORPORATION

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

101 Park Avenue, 28th Floor
New York, NY 10178
Tel: 212-643-7000
Fax: 212-643-6500

Joshua N. Howley
Member
Direct Dial: (973) 643-5341
E-mail: jhowley@sillscummis.com

600 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

October 2, 2019

## VIA E-MAIL & INTERNATIONAL CERTIFIED MAIL

Mr. Burak Yahsi
Chief Executive Officer
USI International Inc.
60 Market Square
P.O. Box 364
Belize City, Belize

Re:  **Fee Arbitration Notice**

Mr. Yahsi:

As you are aware, there is an outstanding balance owed by USI International Inc. ("USI") to our law firm as of July 16, 2019 in the amount of $146,076.38, after application of the retainer, for legal services performed on USI's behalf. Although we certainly wish to resolve this matter amicably, you have left us with no choice but to proceed to collect the full amount that is due.

In accordance with Part 137 of the Rules of the Chief Administrator of the Courts of the State of New York, we enclose: (1) a Notice of Client's Right to Arbitrate a Dispute Over Legal Fees; (2) Standard Written Instructions and Procedures to Clients for the Resolution of Fee Disputes Pursuant to Part 137 of the Rules of the Chief Administrator; and (3) a Client Request for Fee Arbitration form.

Very truly yours,

Joshua N. Howley
Member

Encls.

UCS 137-1 (11/01)

## NOTICE OF CLIENT'S RIGHT TO ARBITRATE A
## DISPUTE OVER ATTORNEYS FEES

The amount of $146,076.38 is due and owing as of July 16, 2019 for the provision of legal services.  If you dispute that you owe this amount, you have the right to elect to resolve this dispute by arbitration under Part 137 of the Rules of the Chief Administrator of the Courts of the State of New York.  To do so, you must file the attached Request for Fee Arbitration within 30 days from the receipt of this Notice, as set forth in the attached instructions.  If you do not file a Request for Fee Arbitration within 30 days from the receipt of this Notice, you waive the right to resolve this dispute by arbitration under Part 137, and we will be free to bring a lawsuit in court to seek payment of the fee.

Dated: New York, New York
       October 2, 2019

SILLS CUMMIS & GROSS P.C.

By: _____
    Joshua N. Howley
    101 Park Avenue, 28th Floor
    New York, New York 10178
    (212) 643-7000

UCS 137-3 (9/05)

 STANDARD WRITTEN INSTRUCTIONS AND PROCEDURES
TO CLIENTS  FOR THE RESOLUTION OF FEE DISPUTES PURSUANT
TO PART 137 OF THE RULES OF THE CHIEF ADMINISTRATOR

Part 137 of the Rules of the Chief Administrator of the Courts provides a procedure for the arbitration (and in some cases mediation) of fee disputes between attorneys and clients in civil matters. Your attorney can provide you with a copy of Part 137 upon request or you can download  a copy at www.nycourts.gov/admin/feedispute. Fee disputes may involve both fees that you have already paid to your attorney and fees that your attorney claims are owed by you. If you elect to resolve your dispute by arbitration, your attorney is required to participate. Furthermore, the arbitration will be final and binding on both your attorney and you, unless either of you seeks a trial *de novo* within 30 days, which means either of you reject the arbitrator's decision by commencing an action on the merits of the fee dispute in a court of law within 30 days after the arbitrator's decision has been mailed. Fees disputes which may not be resolved under this procedure are described in Part 137.1 of the Rules of Chief Administrator of the Courts: representation in criminal matters; amounts in dispute involving a sum of less than $1,000 or more than $50,000 unless the parties consent; and claims involving substantial legal questions, including professional malpractice or misconduct. Please consult Part 137.1 for additional exclusions.

Your attorney may not bring an action in court to obtain payment of a fee unless he or she first has provided written notice to you of your right to elect to resolve the dispute by arbitration under Part 137.  If your attorney provides you with this notice, he or she must provide you with a copy of the written instructions and procedures of the approved local bar association-sponsored fee dispute resolution program ("Local Program") having jurisdiction over your dispute. Your attorney must also provide you with the "Request for Fee Arbitration" form and advise that you must file the Request for Fee Arbitration with the local program within 30 days of the receipt of the notice.  If you do not file the Request within those 30 days, you will not be permitted to compel your attorney to resolve the dispute by arbitration, and your attorney will be free to bring a lawsuit in court to seek to obtain payment of the fee.

In order to elect to resolve a fee dispute by arbitration, you must file the attached "Request for Fee Arbitration" with the approved local program.  An updated list of local programs is available at www.nycourts.gov/admin/feedispute or by calling toll-free 1-(877)-FEES-137 (1-877-333-7137). Filing of the Request for Fee Arbitration must be made

with the appropriate local program for the county in which the majority of legal services were performed.   Once you file the Request for Fee Arbitration, the local program will mail a copy of the request to your attorney, who must provide a response within 15 days of the mailing.   You will receive at least 15 days' notice in writing of the time and place of the hearing and of the identity of the arbitrator(s). The arbitrator(s) decision will be issued no later than 30 days after the date of the hearing.   You may represent yourself at the hearing, or you may appear with an attorney if you wish.

Some local programs may offer mediation services in addition to arbitration. Mediation is a process by which those who have a fee dispute meet with the assistance of a trained mediator to clarify issues and explore options for a mutually acceptable resolution. Mediation provides the opportunity for your attorney and you to discuss your concerns without relinquishing control over the outcome and of achieving a result satisfactory to both of you. Participation in mediation is voluntary for your attorney and you, and it does not waive any of your rights to arbitration under these rules. If you wish to attempt to resolve your dispute through mediation, you may indicate your wish on the Request for Fee Arbitration form.

More information, including an updated list of local programs, is available at

http://www.nycourts.gov/admin/feedispute

or by calling  1-(877)-FEES-137 (1-877-333-7137).

# JOINT COMMITTEE ON FEE DISPUTES AND CONCILIATION

*A Collaboration of the Association of the Bar of the City of New York, the Bronx County Bar Association, and the New York County Lawyers' Association*

## ATTORNEY-CLIENT FEE DISPUTE RESOLUTION PROGRAM

### LOCAL PROGRAM RULES

**Preamble**

The New York County Lawyers' Association, the Bronx County Bar Association and The Association of the Bar of the City of New York (referred to throughout as the "Associations") have established a Joint Committee on Fee Disputes and Conciliation (the "Committee"). The Committee seeks to resolve Lawyer-Client Fee Disputes in a variety of ways. Whatever the means employed, whether by Conciliation, Mediation, Arbitration or otherwise, the Committee's goal is to provide a private and economical means of resolving disputes in an atmosphere of mutual understanding.

The Committee has adopted the following Rules (the "Rules") to facilitate the Mandatory Arbitration of Fee Disputes between lawyers and clients. These Rules put into effect the requirements of 22 N.Y.C.R.R. Part 137 ("Part 137"), which provides for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation. In accordance with the procedures for arbitration, arbitrators shall determine the reasonableness of fees for professional services, including costs, taking into account all relevant facts and circumstances. Mediation of fee disputes is strongly encouraged. The Rules should be interpreted and applied consistently with the purposes of Part 137.

Although the Rules provide for hearings to resolve contested issues, in order to expedite resolution of disputes, all parties are encouraged to submit written statements and formally agree about facts whenever possible.

1. **Application**

   a. These rules shall apply and the Committee will hear fee disputes where:

      1) the attorney has commenced representation of the client on or after January 1, 2002;

      2) the attorney is admitted to the bar of the State of New York; and

      3) a material part of the legal services were rendered **or** the lawyer maintains an office in Bronx and/or New York Counties.

   b. For good cause shown, the Committee may transfer the dispute to another arbitral body approved by the Board of Governors or to such other arbitral body to which the parties unanimously consent.

   c. These rules shall not apply to any of the following:

      1) representation in criminal matters;

      2) amounts in dispute involving a sum of less than $1,000 or more than $50,000,[1] except that the Committee may hear disputes involving other amounts if the parties have consented;

      3) claims involving substantial legal questions, including professional malpractice or misconduct;

      4) claims against an attorney for damages or affirmative relief other than the amount of the fee;

      5) disputes where the fee to be paid by the client has been determined by statute or rule and allowed as of right by a court,

or where the fee has been determined by a court order;

6) disputes where no attorney's services have been rendered for more than two years;

7) disputes where the attorney is admitted to practice in another jurisdiction and maintains no office in the State of New York, or where no material portion of the services was rendered in New York;

8) disputes where the request for arbitration is made by a person who is not the client of the attorney or the legal representative of the client.

9) disputes where the attorney and client consented to submit fee disputes for final and binding arbitration to an arbitral forum other than an arbitral body created by Part 137.  The consent must be in writing and in a form prescribed by the Board of Governors that oversees the Part 137 arbitration program.

## 2   Administration

The Associations shall provide at least one staff person (the "Administrator") to administer the arbitration proceedings contemplated by these Rules and to act as liaison with the Chair of the Committee and any Arbitrator[2] who is appointed under these Rules.   The Office of the Administrator shall be located at the House of the New York County Lawyers' Association, 14 Vesey Street, New York, New York 10007. Any communication intended for the Committee shall be addressed to the Administrator.

## 3.   Interpretation

The authority to decide whether the conditions of Rule 1 have been satisfied, to interpret these Rules, and to decide whether or to what extent they apply to the alleged dispute, shall be solely with the Committee Chair or his or her designee before an Arbitrator is appointed, and shall be solely with the Arbitrator after he or she has been appointed.   Any such decision by the

Chair, the Chair's designee, or the Arbitrator shall be final and binding on the parties.

## 4.   Modification of Procedures

These Rules shall apply to the arbitration of all disputes by the Committee required by Part 137. The parties may, however, by written agreement made prior to the commencement of proceedings, modify the procedures.   Any such written modification shall be submitted to the Committee at the time the proceedings are initiated, and attached to the Request for Arbitration form. (Form 2).3   Any such procedures shall not be inconsistent with the requirements of Part 137, and shall be subject to approval by the Chair of the Committee.

## 5.   Initiating the Arbitration; Procedure and Notice

a.   Arbitration is voluntary for the client unless the client has previously consented in writing to submit fee disputes to the fee dispute resolution process established by Part 137, arbitration under these Rules shall be voluntary for the client.   Mediation shall be voluntary for both the attorney and the client.

b.   <u>Attorney initiated Arbitration</u>.

1) Procedure where client previously did not consent in writing to resolve fee disputes under Part 137

a) *attorney sends notice to client and client consents to arbitrate*

Except under the circumstances described in Rule 5.c., where the attorney and client cannot agree as to the attorney's fee, the attorney shall forward by certified mail or personal service

i. a written notice to the client, entitled "Notice of Client's Right to Arbitrate" (Form 1);

ii. a "Request for Arbitration " form (Form 2);[4]

iii. these rules; and

iv. such other instructions that explain how to commence a fee arbitration proceeding (available from the Administrator).

If the client elects to arbitrate, the client should follow the procedure outlined below in Rule 5.d.2).

b) *attorney sends notice and client does not consent to arbitrate*

If the attorney forwards to the client by certified mail or personal service a notice of the client's right to arbitrate, and the client does not file a Request for Arbitration within thirty (30) calendar days after the notice was received, the attorney may commence an action in a court of competent jurisdiction to recover the fee and the client no longer shall have the right to request arbitration pursuant to Part 137 with respect to the fee dispute at issue. An attorney who institutes an action to recover a fee must allege in the complaint (i) that the client was served or received notice under Part 137 of the client's right to pursue arbitration and did not file a timely request for arbitration or (ii) that the dispute is not otherwise covered by Part 137.

2) Procedure where client previously consented in writing to resolve fee disputes under Part 137

Where the client has consented in advance to submit fee disputes to arbitration under subdivisions (b) and (c) of Part 137 section 137.2, and where the attorney and client cannot agree as to the attorney's fee, the attorney shall forward to the client, by certified mail or by personal service,

a) a copy of the "Request for Arbitration" (Form 2)

b) a copy of the parties' arbitration agreement,

c) these rules; and

d) such other instructions that explain how to commence a fee arbitration proceeding (available from the Administrator).

Simultaneously the attorney shall file with the Administrator items a) and b) above and a certification that items a), b), c) and d) have been served by certified mail or personal service on the client.

c. Client initiated Arbitration

1) In the event the client decides he or she wants to use arbitration to resolve the dispute, and the Committee has jurisdiction, the client may directly contact the Administrator. Alternatively, the client may contact the attorney, who shall be under an obligation to refer the client to the Administrator. The Administrator then shall forward to the client the appropriate papers necessary to begin the arbitration process, including a copy of Part 137 and these rules.

2) If the client elects to submit the dispute to arbitration, the client shall file the "Request for Arbitration" form" (Form 2) with the Administrator, and the Administrator shall mail a copy of the filed "Request for Arbitration" to the named attorney together with an "Attorney Response" (Form 3). The attorney is required to complete and return Form 3 to the Administrator within fifteen (15) calendar days of mailing. The attorney shall include with the "Attorney Fee Response" a certification that a copy of the response was served upon the client.

d. Receipt of the Request for Arbitration by the Committee

Upon receipt of a Request for Arbitration, the Committee shall determine whether a dispute exists within the jurisdiction of the Committee. If so, the Administrator will acknowledge in writing receipt of the Request for Arbitration and forward it to the opposing party with a response form.

With both the acknowledgment of the Request for Arbitration and its submission to the opposing party, the Administrator will ask both parties in writing whether they are willing to mediate the dispute. The following notice from the Committee will also be included:

The Joint Committee on Fee Disputes and Conciliation of the Association of the Bar of the City of New York, the Bronx County Bar Association, and the New York County Lawyers' Association is set up to assist in the resolution of fee disputes between lawyers and clients by mediation and arbitration.

As part of the voluntary settlement of a fee dispute claim, the client may be asked to sign a release which, as a matter of law in light of the language it contains, might be interpreted as a release of all claims against the lawyer, including but not limited to, claims for professional malpractice. Should a client be asked to sign any such release, the Joint Committee suggests that the client consider consulting independent counsel.

If both parties agree to mediate the dispute, the Committee's mediation rules shall apply.

6. **Withdrawal and Failure to Respond; Decision To Be Made On the Basis Of the Evidence Presented**

a. The client may not withdraw from the process after the Administrator has received

the "Attorney Fee Response." If the client seeks to withdraw at any time after the Administrator receives the "Attorney Fee Response," the withdrawal will have no effect and arbitration will proceed as scheduled whether or not the client appears. A decision will then be made on the basis of the evidence presented.

b. If the attorney, without good cause, fails to respond to a request for arbitration or otherwise does not participate in the arbitration, the arbitration will proceed as scheduled and a decision will be made on the basis of the evidence presented.

7. **Arbitrators**

a. Designation and removal

1) The Committee shall maintain a list of attorney arbitrators and a list of non-attorney arbitrators. When selecting an arbitrator, the Administrator shall select the next available arbitrator on the appropriate list.

2) After receipt of the "Attorney's Fee Response," or after expiration of the 15-day response period, the Administrator shall designate the Arbitrator who will hear the dispute. The parties must receive at least fifteen (15) calendar days notice in writing of the identity of the Arbitrator.

a) Disputes involving a sum of less than $10,000 shall be submitted to one attorney Arbitrator.

b) Disputes involving a sum of $10,000 or more shall be submitted to a panel of three Arbitrators, which shall include one Arbitrator who is not a lawyer.

c) Instead of a three-Arbitrator panel, the parties may agree to submit the arbitration to one Arbitrator for disputes involving the sum of $10,000 or more. Such agreement shall be in

writing, signed by all parties, and provided to the Administrator before the three-Arbitrator panel is selected. If such an agreement is submitted to the Administrator after the Administrator has selected a three-person panel, the parties must agree on one person from the selected panel to be the Arbitrator. If they cannot agree on one of the three persons on the panel, the arbitration will proceed with the three-person panel originally selected by the Administrator. In all cases where only one Arbitrator presides, such Arbitrator must be an attorney. Vacancies shall be filled in the normal manner provided under these Rules.

3) Either party may request the removal of an Arbitrator based upon the Arbitrator's personal or professional relationship to a party, counsel, witness or other participant, or based upon matters that the Arbitrator disclosed or should have disclosed pursuant to Rule 7.c.6). A request for removal must be made to the Administrator no later than five (5) business days prior to the scheduled date of the hearing. The Administrator shall forward the request to the Committee Chair or his or her designee, who shall have the final decision concerning the removal of an Arbitrator.

b. Vacancies

1) If an Arbitrator cannot perform his or her duties, the Administrator shall declare the position vacant and shall fill the vacancy in accordance with these Rules.

2) If, after the hearings begin, one or more vacancies occurs in a panel of arbitrators, the Administrator shall appoint another Arbitrator of the same category (attorney or non-attorney) as

the one vacating the post, unless the parties agree that the remaining Arbitrators continue to hear and decide the controversy without filling the vacancy.

3) If a substitute Arbitrator is appointed, all or part of the prior proceedings may be repeated at the sole discretion of the arbitration panel.

c. Qualifications and duties

1) Both lawyers and non-lawyers may serve as an Arbitrator.[5]

2) In recruiting Arbitrators, the Committee should make every effort to ensure that Arbitrators represent a wide range of law practices and firm sizes, a diversity of non-lawyer professions within the community, and a cross-section of the community.

3) Prospective Arbitrators shall submit a summary of credentials to the Committee, which the Committee shall keep on record.

4) Arbitrators shall be appointed by the Administrator pursuant to the Committees rules and procedures.

5) All Arbitrators must sign a written oath or affirmation to faithfully and fairly arbitrate all disputes that come before them. These written oaths or affirmations shall be kept on file by the Committee.

6) All Arbitrators must conduct a conflict of interest check prior to accepting a case. A person who has any personal bias regarding a party or the subject matter of the dispute, a financial interest in the subject matter of the dispute, or a close personal relationship or financial relationship with a party to the dispute shall not serve as an Arbitrator. An Arbitrator shall disclose any information

Page 5

that he or she has reason to believe may provide a basis for recusal.

7) Arbitrators shall serve as volunteers.

8) Arbitrators shall not be permitted to testify in a subsequent proceeding or trial "de novo."[6]

d. Jurisdiction

1) The Arbitrator is authorized to rule on his or her own jurisdiction under Part 137 and these Rules, including rulings as to an arbitration agreement's existence, scope or validity.

2) The Arbitrator is authorized to decide whether the contract that includes the arbitration agreement exists or is valid. The arbitration agreement in such contract shall be treated independently from the other provisions of the contract. If the Arbitrator finds the contract has no legal effect, such finding alone shall not make the arbitration clause invalid.

3) If a party objects to the Arbitrator's jurisdiction or to using arbitration to resolve a claim or counterclaim, he or she must raise the objection before or when filing the response to the Request for Arbitration. The Arbitrator may rule on such objections at any time, including in the final award.

4) The Arbitrator shall have the authority to enforce his or her orders through any reasonable means, including imposing monetary sanctions to the extent otherwise authorized by law, striking claims or defenses, and precluding the introduction of evidence. Upon application of a party, the Chair of the Committee may, in his or her discretion, vacate, in whole or in part, monetary sanctions totaling more than $100.

**8. Communications with the Arbitrator**

a. Except in the presence of all parties, neither a party nor a party's agent shall communicate directly with an Arbitrator about the arbitration.

b. Except in the presence of all parties, any communication from any party to an Arbitrator about the arbitration shall be made through the Administrator for transmittal to the Arbitrator. At the same time a party sends documents or other materials to the Administrator for transmittal to the Arbitrator, such party shall serve all other parties with copies of the same documents or other materials.

c. The parties and the Arbitrator may agree, or the Arbitrator may direct, that parties communicate directly with the Arbitrator.

**9. Preliminary Hearing**

a. A preliminary hearing may be held:

1) at the request of a party;

2) at the discretion of the Arbitrator; or

3) at the discretion of the Committee.

b. The Arbitrator should schedule the preliminary hearing within a reasonable time.

c. The Arbitrator may conduct the preliminary hearing by phone at his or her discretion.

d. The parties and/or their representatives may participate in the preliminary hearing.

e. The preliminary hearing may be used to discuss all preliminary matters such as procedures to apply in the case, issue clarification, and scheduling.

**10. Exchange of Documents and Other Information**

a. At any party's request or in the Arbitrator's discretion, the Arbitrator may order a party to produce documents and other information and to identify any witnesses the party intends to call to testify at the hearing.

b. The parties shall exchange copies of all exhibits they plan to introduce at the hearing at least five (5) business days before the

hearing. Exhibits comprised solely of documents previously produced to all parties need not be exchanged.

c. The Arbitrator may resolve any dispute about the exchange of documents and other information.

**11. Date, Time, and Location of Proceedings**

a. Location

Fee dispute arbitration proceedings shall typically be conducted at the New York County Lawyers' Association, 14 Vesey Street, New York, NY 10007. Otherwise, they shall be conducted at other neutral sites. They shall not take place in the office of any interested party unless all parties consent in writing.

b. Scheduling hearings

The Administrator shall arrange for the date, time, and location of each hearing subject to the availability of the Arbitrator and the parties. The parties shall cooperate with each other and the Administrator to schedule an early hearing date and shall abide by the schedule. The parties must receive at least fifteen (15) days written notice of the date, time, and location of the hearing.

**12. Interpreters**

A party who wants an interpreter shall arrange with the interpreter for his or her services and shall pay for such services.

**13. Postponements**

The Arbitrator may postpone a hearing:

a. if the parties agree;

b. if at least one party demonstrates good cause; or

c. at the Arbitrator's discretion.

**14. Absence From the Hearing**

Any party may participate in the arbitration hearing without a personal appearance by submitting to the arbitrator testimony and exhibits by written declaration under penalty of perjury. If, however, without making the requisite submission, one or more of the parties or their representatives is absent from the hearing without good cause, the hearing shall proceed as scheduled, as long as the absent person received notice of the hearing or waived the right to attend. A decision on the fee dispute will be made on the basis of the evidence presented.

**15. Recording of Proceedings**

Any party may arrange for a stenographic or other record of the proceedings at the party's expense and shall provide a copy to the Arbitrator of any transcript that is produced. Any other party to the arbitration shall be entitled to a copy of the transcript upon written request and will be responsible for the cost of obtaining it.

**16. Arbitration Hearing**

a. Arbitrator's powers. The Arbitrator shall have the power to:

1) take and hear evidence pertaining to the proceeding;

2) administer oaths and affirmations; and

3) compel, by subpoena, the attendance of witnesses and the production of books, papers and documents pertaining to the proceeding.

b. Privacy of hearings; who may attend hearings

1) The hearing shall be private unless the law provides otherwise.

2) A person with a direct interest in the arbitration is allowed to attend the hearing.

3) The Arbitrator is authorized to decide whether any person other than a party and its representatives should attend an arbitration hearing or part of an arbitration hearing.

c.  Representation by counsel.  Any party, at his or her own expense, may be represented by counsel.

d.  Evidence

1) The rules of evidence need not be observed at the hearing.

2) The Arbitrator shall decide what evidence will be admitted.

3) The Arbitrator may order that additional evidence be provided to facilitate his or her decision in the case.

4) All parties and the Arbitrator must be present when evidence is taken.  If a party is absent, the hearing shall continue if the absent party received notice of the hearing and is absent without good cause shown, or waived the right to attend

5) The Arbitrator shall apply applicable legal principles of privilege, including the attorney-client privilege to the extent it has not been waived as a result of the filing of the arbitration or the raising of issues in the arbitration.

6) Evidence by Affidavit and Posthearing Filing of Documents or Other Evidence

a) Any party may participate in the arbitration hearing without a personal appearance by submitting to the Arbitrator testimony and exhibits by written declaration under penalty of perjury.

b) The parties and the Arbitrator may agree, or the Arbitrator may direct, that additional evidence be provided to the Arbitrator after the hearing. Each party must be given a chance to examine the additional submissions and to respond to them.

e.  Burden of proof

The burden shall be on the attorney to prove the reasonableness of the fee he or she charged the client by a preponderance of the evidence, and to present documentation of the work performed and the billing history.

f.  Order of proceedings

1) The attorney shall present evidence to support his or her fees.  The client shall then present evidence to support his or her claims.  Witnesses for each party shall also submit to questions from the Arbitrator and the adverse party.

2) The client shall have the right of final reply.

3) The Arbitrator may conduct the hearings in a manner designed to resolve the dispute expeditiously yet fairly.

### 17. Interim Measures

By agreeing to Arbitration under these Rules, the parties shall be deemed to have conferred upon the Arbitrator the authority to issue such provisional or interim orders or awards as the Arbitrator may deem necessary, desirable, just or equitable, to the extent otherwise authorized by law. Consistent with the authority recognized by this Rule, and subject to the provisions of Part 137 relating to de novo review, the parties shall be deemed to have irrevocably consented to the entry of an order in the appropriate Court embodying such provisional or interim order or award, pursuant to CPLR 7502(a) and 7510 and/or any other applicable law, and to have waived any objection, jurisdiction or otherwise, to judicial confirmation and enforcement of such provisional or interim order or award.

### 18. Closing the Hearing

a.  The Arbitrator shall close the hearing, where one or more parties have appeared, after expressly asking the parties who appeared whether they have additional evidence to offer, and

1) the parties acknowledge they have no more evidence to offer; or

2) the Arbitrator thinks the record is complete.

b. If the parties who have appeared at a hearing are to file written submissions subsequent to the hearing, the hearing shall be closed as of the last date on which the submissions are due to be filed with the Administrator.

### 19. Reopening of the Hearing

a. The arbitrator may reopen the hearing before issuing the award

1) on the Arbitrator's own initiative; or

2) if at least one of the parties requests it.

b. The arbitrator may not reopen the hearing if reopening the hearing will prevent the Arbitrator from issuing the award within the time required by the parties' arbitration agreement. The parties may, however, agree to extend the time, in which case the Arbitrator may reopen the hearing.

c. The time to issue the award if a hearing is reopened shall be thirty (30) days after the reopened hearing is closed.

### 20. Expenses

a. Each party shall be responsible for the party's own expenses.

b. Each party shall be responsible for the expenses of witnesses the party produces.

c. The parties shall share equally all other arbitration expenses unless

1) they agree otherwise; or

2) the Arbitrator rules otherwise, whether in an interim order or in the final award.

### 21. The Award

a. Time and form of award

The arbitration award shall be issued no later than thirty (30) calendar days after the close of the hearing.   Arbitration awards shall be written, executed and approved by a majority of the Arbitrators in the manner required by law, and shall specify in a concise statement the bases for the determination.   Except as set forth in Part

137 section 137.8 (relating to trials de novo), all arbitration awards shall be final and binding.

b. Delivery of award to parties

The award may be delivered to the parties or their counsel at their last known addresses by mail, personal service, facsimile, e-mail, or any other method permitted by law.

### 22. Waiver of Rules

a. Any party who continues to participate in the arbitration after learning that there has not been compliance with any provision or requirement of these Rules, but fails to object in writing, shall have waived the right to object.

b. Except for the time requirements of Rule 5, the Arbitrator has the discretion to extend any time requirements imposed on any of the parties by these Rules.

### 23. Filing Fees

a. The following schedule of filing fees shall be paid by each party upon filing the party's initial document (Request for Arbitration or the response) with the Committee and shall apply to all arbitrations eligible for arbitration under Part 137:

| Amount in Dispute | Fee to each party |
| --- | --- |
| $1,000.00 - 4,999.99 | $ 25 |
| 5,000.00 - 5,999.99 | 50 |
| 6,000.00 - 9,999.99 | 75 |
| 10,000.00 - 19,999.99 | 100 |
| 20,000.00 - 34,999.99 | 200 |
| 35,000.00 - 50,000.00 | 350 |

b. In cases where the parties agree to use one arbitrator, the filing fee for each party will be $75 or the amount on the above schedule, whichever is less.

c. The Chair of the Committee may waive, defer, or reduce filing fees in cases of extreme hardship.

## 24. Confidentiality

All proceedings and hearings commenced and conducted in accordance with Part 137, including all papers submitted in connection with the arbitration, shall be kept confidential, except to the extent necessary to take related legal action with respect to a fee matter. After a decision is rendered, Arbitrators should refer all requests for information concerning the fee dispute at issue in the arbitration to the Administrator.

## 25. Release of Documents for Ancillary Legal Action

If a party requests it in writing, the Committee shall provide to the party certified copies of any papers it has that may be needed to take ancillary legal action with respect to the fee matter. The party who requests the certified copies shall pay the cost of providing them.

## 26. Trial De Novo

If a party files an action for de novo review under Part 137, section 137.8, the party shall so advise the Committee.

## 27. Referral of Attorney to the Grievance Committee

a. Failure to participate in the arbitration

All attorneys are required to participate in the arbitration program established by Part 137 if a client files a request for arbitration under these Rules. An attorney who, without good cause, fails to participate in the arbitration process shall be referred to the appropriate grievance committee of the Appellate Division for appropriate action.

b. Professional misconduct

If, as a result of the fee dispute arbitration process, the Arbitrator or Committee becomes aware of evidence of professional misconduct, the Arbitrator or Committee shall refer such evidence to the appropriate grievance committee of the Appellate Division.

## 28. Mediation

a. The parties may avail themselves of mediation provided by the Committee. The mediation program permits arbitration pursuant to Part 137 in the event the mediation does not resolve the fee dispute.

b. All mediation proceedings and all settlement discussions and offers of settlement are confidential and may not be disclosed in any subsequent arbitration.

c. The mediator who mediated the parties' fee dispute may not serve as arbitrator of that same dispute.

d. No filing fees in addition to those charged for arbitration shall be charged for the mediation of a fee dispute.

## 29. Immunity

Neither the Associations, nor the Committee, its Chair or members, Administrator, Arbitrator and staff person acting under these Rules, shall be a necessary party in any judicial proceedings relating to any arbitration conducted in accordance with these Rules. None of the parties listed in the preceding sentence shall be liable for any act or omission relating to any dispute in connection with any arbitration conducted under these Rules. Without limiting the scope of the preceding two sentences, it is intended that the Committee, its Chair and its members, and any Arbitrator acting under these Rules have the same immunity as a judicial officer or body would have in a court proceeding. The parties to any arbitration held under these Rules will be deemed to have conferred the immunity described above.

## 30. Standards of Common Sense

The parties will be deemed to have conferred upon the Arbitrator the authority to decide their dispute in consideration of equity, justice and common sense. The Arbitrator shall not be bound to apply rules of substantive law, procedure or evidence.

1. The disputed sum is the portion of the fee upon which the attorney and client disagree, and not the total amount of the fees charged by the attorney.

2. Throughout these Rules, the term "Arbitrator" will refer to both a single arbitrator or a panel of three arbitrators.

3. All Forms required under these Rules are contained in the Appendix to these Rules.

4. Service under these Rules is made and considered complete by delivering to the U.S. Postal Service a properly addressed envelope or package with sufficient postage for mailing, or by delivering the envelope or package to a person authorized to accept legal papers at a residence or place of business. The parties may agree to other methods of service as provided by Rule 21.

5. Non-lawyers may only serve as an Arbitrator on a panel of Arbitrators.

6. Trial "de novo" means a trial in court about the same fee dispute. It does not mean an appeal of the Arbitrator's decision.

| (Office Use Only) |
| Date Received:............................... |
| Case Number:      _____ |

UCS 137-4a (10/13)

## CLIENT REQUEST FOR FEE ARBITRATION

1.  Your name, address and telephone number:

    Name:

    Address:


    Telephone Number:

    Email Address:

2.  Name, address and office telephone number of the law firm and/or attorney who handled
    your matter:

    Name:

    Address:


    Telephone Number:

    Email Address (if known):

3.  If your attorney represented you in a lawsuit, in which court and county was the lawsuit
    filed?

    Court:_____        County: _____

4.  a. On what date did your attorney first agree to handle your case?

    _____, 20____

    b. On what date did your attorney last perform services on your case?

    _____, 20____

5.  Briefly describe the type of legal matter involved and what your attorney agreed to do in the course of representing you (attach a copy of the written retainer agreement, letter of engagement, or other papers describing the fee arrangement, if any):

6.  In the space below, indicate the date, amount and purpose of each payment you made to your attorney.  Attach additional sheets if necessary.

    Date                    Amount          Purpose  (e.g.,  attorney's  time,  out-of-pocket expenses, filing fees, etc.)

    _____    $_____    _____
    _____    $_____    _____
    _____    $_____    _____
    _____    $_____    _____

7.  How much of your attorney's fee is in dispute (attach a copy of your attorney's bill, if available):$_____

8.  Have you received a "Notice of Client's Right to Arbitrate" from your attorney? _____. If yes, please attach a copy.

9.  Briefly describe why you believe your attorney is not entitled to the amount set forth in question 7 (use additional sheets if necessary):

10.     Indicate whether you wish to attempt to resolve this fee dispute through mediation (Participation in mediation is voluntary for your attorney and you, and it does not waive your rights to arbitration under these rules in the event that mediation is unsuccessful or the attorney refuses to participate in mediation.)

❐ Yes, I wish to attempt to resolve this fee dispute first through mediation. My election of arbitration pursuant to paragraph 11 below will apply if the mediation is unsuccessful.

❐ No, I do not wish to attempt to resolve this fee dispute through mediation

11.     I elect to resolve this fee dispute by arbitration, to be conducted pursuant to Part 137 of the Rules of the Chief Administrator [22 NYCRR] and the procedures of the Joint Committee on Fee Disputes and Conciliation housed at the New York County Lawyers' Association, copies of which I have received. I understand that the determination of the arbitrator(s) is binding upon both the lawyer and myself, unless either party rejects the arbitrator's award by commencing an action on the merits of the fee dispute (trial de novo) in a court of law within 30 days after the arbitrator's decision has been mailed.

Dated:_____          Signed:_____

**IMPORTANT:** You must file this Request for Fee Arbitration, along with a check for the filing fee in the amount of $_____, to: **Joint Committee on Fee Disputes and Conciliation**
New York County Lawyers' Association
14 Vesey Street
New York, New York 10007

| **Filing Fees** | Amount in Dispute: | Fees to each party: |
|---|---|---|
| | $1,000.00 - 4,999.99 | $25 |
| | 5,000.00 - 5,999.99 | $50 |
| | 6,000.00 - 9,999.99 | $75 |
| | 10,000.00 - 19,999.99 | $100 |
| | 20,000.00 - 34,999 | $200 |
| | 35,000.00 - 50,000.00 | $350 |

JOINT COMMITTEE ON FEE DISPUTES AND CONCILIATION
14 VESEY STREET
NEW YORK, NY 10007
(212) 267-6646, ext. 207 Fax: (212) 406-9252

*A JOINT PROJECT OF THE*
*NEW YORK COUNTY LAWYERS' ASSOCIATION*
*ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK*
*BRONX COUNTY BAR ASSOCIATION*

## PLEASE READ THIS NOTICE CAREFULLY

Thank you for contacting the Joint Committee on Fee Disputes and Conciliation.

The Joint Committee on Fee Disputes and Conciliation is set up to assist in the resolution of fee disputes between lawyers and clients by mediation and arbitration.

Please complete the enclosed Client Request for Fee Arbitration form and return it to this office. You should also send us copies of all evidence that supports your claim, such as cancelled checks, receipts, letters, and other papers regarding the dispute. DO NOT ENCLOSE THE ORIGINAL PAPERS.

### PLEASE SUBMIT *5 COPIES* OF YOUR CLIENT REQUEST FOR FEE ARBITRATION FORM AND SUPPORTING DOCUMENTS.

In addition to the Client Request for Fee Arbitration form, you must include the appropriate filing fee (see the enclosed rules). Please make check payable to New York County Lawyers' Association.

Both the arbitration and mediation procedures identified in the enclosed form are designed to be user friendly. You are free to attend these proceedings without counsel, and may also have a lawyer represent you or attend as a counselor if you choose. As part of the voluntary settlement of a fee dispute claim, you may be asked to sign a release which, as a matter of law in light of the language it contains, might be interpreted as a release of all claims against the lawyer, including but not limited to, claims for professional malpractice. Should you be asked to sign any such release, the Joint Committee suggests that you consider consulting independent counsel.

We at the Joint Committee would like these procedures to be manageable, fair and understandable. Please feel free to contact us if you have any questions.



**REGISTERED NO.** 3741U8

$4.94

| | | |
|---|---|---|
| Reg. Fee $ $16.00 | Special Delivery $ | |
| Handling Charge $ $0.19 | Return Receipt $ | |
| Postage $ $0.00 | Restricted Delivery $ | |
| Received by | $0.00 | |
| | $25.04 | Intl ☐ |

**POSTMARK OF**

0124
2

NJ STA. NO 47
OCT 12 2019

Customer must declare Full value $   10/02/2019
☐ With Postal Insurance   ☐ Without Postal Insurance

$25,000 Domestic Ins. Limit

FROM
Joshua Howley, Esq.
Sills Cummis & Gross PC
One Riverfront Plaza
Newark, NJ 07102

TO
Mr. Burak Yahsi, CEO
USI International LLC

**PS Form 3806,** June 1986   **RECEIPT FOR REGISTERED MAIL**   *(Customer Copy)*
*(See Information on Reverse)*

All Entries MUST be in Ball Point or Typed
Post Office Completion
Customer Completion *(Please Print)*