**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| USI International Inc., | x<br>:<br>:<br>: |
| *Plaintiff,* | : **CIVIL ACTION NO. 3:15-CV-08451 (MAS)(TJB)** |
| *v*. | : |
| Festo Didactic Inc., | : |
| *Defendants.* | : |
| | x |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

BRACH EICHLER
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
Telephone: (973) 228-5700
*Attorneys for Plaintiff*

Of Counsel
    Riza I. Dagli, Esq.

On the Brief
    Autumn M. McCourt, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................4

PROCEDURAL HISTORY.........................................................................................................4

STATEMENT OF FACTS ..........................................................................................................6

   **A.**    Background Facts...............................................................................................................6

   **B.**    USI Discovers Another Festo Sale and Festo's Continuing Fraud.........................................9

ARGUMENT ..............................................................................................................................10
I.  UNDER THE LIBERAL STANDARD APPLIED TO MOTIONS FOR LEAVE TO
AMEND, PLAINTIFF SHOULD BE GRANTED LEAVE TO FILE A SECOND
AMENDED COMPLAINT .......................................................................................................10

   **A.** Standard Applicable on Motions for Leave to Amend Under Rule 15................................10

   **B.** There Are No Circumstances that Warrant Denial of Plaintiff's Motion.............................11

   CONCLUSION......................................................................................................................13

BE:11295223.1/YAH002-277741

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. Gould Inc.*,
  739 F.2d 858 (3d Cir.1984) ................................................................................................12

*Arevalo v. Brighton Gardens, Sunrise Senior Living, LLC*,
  No. 15-2563 (MAS), 2016 WL 4975199 (D.N.J. Sept. 16, 2016) ................................12, 13

*Arthur v. Maersk, Inc.*,
  434 F.3d 196 (3d Cir. 2006) ..............................................................................................11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...........................................................................................................12

*Del Sontro v. Cendant Corp.*,
  223 F. Supp. 2d 563 (D.N.J. 2002) ....................................................................................10

*El v. Marino*,
  772 Fed. Appx. 262 (3d Cir. 2018) ....................................................................................12

*Foman v. Davis*,
  371 U.S. 178 (1962) ...........................................................................................................11

*Grayson v. Mayview State Hosp.*,
  293 F.3d 103 (3d Cir. 2002) ..............................................................................................11

*Hoffmann-La Roche Inc. v. Cobalt Pharm., Inc.*,
  Nos. 07-4539 (SRC), 07-4540 (SRC), 08-4054 (SRC), 2010 WL 3118574
  (D.N.J. Aug. 5, 2010) ........................................................................................................10

*Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*,
  65 Fed. Appx. 803 (3d Cir. 2003) ......................................................................................13

*Luppino v. Mercedes-Benz USA, LLC*,
  No. 09-CV-5582, 2012 WL 850743 (D.N.J. Mar. 8, 2012) ...............................................12

*Marlowe Patent Holdings LLC v. Dice Elecs., LLC*,
  293 F.R.D. 688 (D.N.J. 2013) ...........................................................................................10

*Shane v. Fauver*,
  213 F.3d 113 (3d Cir. 2000) ..............................................................................................12

*Spartan Concrete Products, LLC v. Argos USVI, Corp.*,
  929 F.3d 107 (3d Cir. 2019) ..............................................................................................10

*Voilas v. General Motors Corp.*,
    173 F.R.D. 389 (D.N.J. 1997) .................................................................................................. 10

**Rules and Other Authorities**

6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice &
    Procedure § 1484 (3d. ed. 2017) ............................................................................................ 10

Fed. R. Civ. P. 15(a) ................................................................................................................. 4, 10

Fed. R. Civ. P. 15(a)(2) ................................................................................................................ 10

Fed. R. Civ. Pro. 12(b)(6) ............................................................................................................. 12

## PRELIMINARY STATEMENT

Plaintiff USI International, Inc. ("Plaintiff" or "USI") seeks leave to file a Second Amended Complaint in substantially the form attached as Exhibit A to the Declaration of Riza I Dagli, Esq. ("Dagli Decl.") submitted herewith to add newly discovered information and facts and to add more specific and clarifying factual allegations to its pleading based on information adduced from documents produced during discovery.

Under the liberal standard for amending pleadings, USI's motion should be granted. Indeed, none of the grounds for denial of a motion to amend are present here. Plaintiffs motion is timely as discovery has not yet been completed. The granting of this motion also will not unduly prejudice the defendants because the additional damages sought to be added arise out of the same underlying factual circumstances pleaded in the original Complaint and Amended Complaint. Finally, not all depositions have been completed yet. The amendment, if allowed, will not require an extension of the discovery deadlines that are otherwise required for the scope of the currently existing pleadings. A redline version of the proposed pleading is found at Exhibit B to the Dagli Decl.

## PROCEDURAL HISTORY

This action concerns USI's right to be paid millions of dollars in compensation for work that USI performed pursuant to an exclusive agreement ("agreement") for the benefit of defendant Festo Didactic Inc. ("Festo"), previously known as Lab-Volt Systems, Inc. ("Lab-Volt"), (hereinafter referred to collectively as either Festo or Lab-Volt for clarity, depending upon whether the events alleged occurred before or after the acquisition and name change). To date, USI has received no compensation for the work that it performed in connection with a multi-million dollar sale of training equipment through the United States

4

Government to be used by the Military Technical College of Oman ("MTCO"). USI initially filed suit on December 3, 2015, raising four causes of action based on the information then available to it. Through document discovery conducted over the summer of 2017, USI learned that in addition to breaching the agreement between Festo and USI, Festo intentionally provided false information to USI. Accordingly, on June 21, 2018, USI filed an Amended Complaint to add new factual allegations, increase its damages, and add a new cause of action for fraud.

Through continuing discovery, largely from United States Government sources, USI learned that the expected date of completion for the MTCO transaction is now June 30, 2020, that the scope and price of the contract has been extended to include additional products and services, that there is no completion date for these additional products and services, and that there are new budget estimates which exceeded its original understanding and ranged from $15.15million to $21.8million. USI thereafter conducted a review and analysis of government websites and discovered that at least another contract for $4,700,659 was awarded to Festo by the United States Government on May 21, 2015 for training equipment for MTCO. This newly-discovered award of $4,700,659, in addition to the prior award of $11,099,361 brings the total amount in line and consistent with the budget estimates and allocations of above $15m, which were referenced in documents produced by the United States Government. Just as USI is entitled to compensation for the initial MTCO transaction described in the First Amended Complaint, USI is also entitled to compensation for this and any additional MTCO-related awards that emanated from USI's work on behalf of Festo, which was done pursuant to an exclusive agreement with Festo.

## STATEMENT OF FACTS

    A.    **Background Facts**

The facts relevant to this action are fully set forth in Plaintiff's Proposed Second Amended Complaint, which is annexed to the Dagli Decl. submitted herewith. Those facts, as pertain to the present motion, are briefly set forth herein.

USI is in the business of providing turnkey facilities for industrial plants, colleges and universities, hospitals, etc. all around the world. It selects appropriate manufacturers and vendors needed to meet the end users' requirements and puts the entire acquisition program together such that the end user can rely on USI's judgment and experience in order to obtain a completely operational facility. As part of this process, USI sources, prices, and structures the relevant transactions. In exchange, USI receives the difference of the final price and the net sales price expected by the manufacturer in the form of a commission.

In late March 2012, USI learned of an expiring opportunity to sell various electronic training equipment to MTCO through funding allocated to the government of Oman through an offset program with the United States government (generically called "Foreign Military Sales" or "FMS"). After learning the nature of MTCO's requirements, USI identified potential suppliers including Lab-Volt ("Lab-Volt") that would be acceptable.[1] Because of USI's prior business relationship with Lab-Volt, USI approached Lab-Volt with the opportunity, and Lab-Volt agreed to cooperate with USI on an exclusive basis with respect to the MTCO project. Lab-Volt and USI agreed that Lab-

---

[1] Prior to the closing of the transaction, Festo AG & Co. KG, acting through one of its subsidiaries or affiliates, acquired Lab-Volt on or about June 20, 2014, and renamed it Festo Didactic, Inc. ("Festo"). Festo continued on with the transaction.

6

Volt would be the counter-party to the transaction and would interface directly with the United States and Oman Governments. As a result, USI selected Lab-Volt as the designated equipment supplier and worked with Lab-Volt through Jeremy Duggan, a senior executive with Lab-Volt at the time, to fulfill MTCO's request. USI gave MTCO a link to Lab-Volt's website and worked with MTCO regarding product selection. USI then gave Lab-Volt an equipment list, and Lab-Volt prepared a firm fixed priced offer for USI for the MTCO equipment list. The net selling price confirmed by Lab-Volt to USI was set at 75% of its published list price *(i.e.,* Lab-Volt's published list price less a 25% discount). USI was then free, in turn, to quote a final price to MTCO at or above the list price quoted to USI. Lab-Volt's offer to USI constituted Lab-Volt's commitment to USI for a fixed net price for the equipment list. As a result, the difference between USI's quoted price to MTCO and Lab-Volt's net selling price would be USI's compensation for the transaction. USI met the deadline and delivered the offer (with the prices set by USI that included a 45% profit margin for USI) to MTCO for Lab-Volt's goods and service on or about April 6, 2012. MTCO subsequently forwarded the USI offer to the FMS program (the U.S. Embassy in Oman), who then directly contacted Lab-Volt, the manufacturer who served as the counterparty, to finalize the transaction.

      Mr. Duggan, a Senior Executive at Lab-Volt, advised USI that, under FMS regulations, commissions and payments to parties like USI had to be disclosed and expressly authorized by the end buyer *(i.e.,* MTCO). Mr. Duggan falsely and fraudulently told USI that its offer prices, which included USI's 45% profit margin, would have to be "drastically" reduced. Almost immediately thereafter, on or about June 19, 2012, Lab-Volt sent USI a fake version of a Pro-forma invoice (PF214060, dated June 6, 2012, for customer: NAWCTSD

7

International). This fake version of the Pro-forma invoice (PF214060) was identical to the version submitted by Lab-Volt/Festo to the United States Government except for the fact that the fake version reflected a 20% reduction of USI's offered prices. Nonetheless, Duggan repeatedly assured USI that the remaining 25% of the USI prices would be paid to USI. Because of this, USI was tricked into believing that it would receive 25% of the list prices.

Lab-Volt expected USI to rely on this false representation and, in fact, USI did rely on this false representation. For years, USI falsely believed that the FMS transaction for the MTCO was proceeding based on the reduced offer. Notwithstanding repeated assurances that USI would be compensated for the FMS sale by Lab-Volt/Festo for MTCO, Festo eventually ignored USI altogether and paid it nothing. The failure to pay anything to USI triggered the initial complaint in this Action.

Then, through pretrial discovery, in or about mid-2017, USI learned of the fraudulent Lab-Volt/Festo misrepresentations. USI discovered that the *real* June 6, 2012 Pro-forma (PF214060, for customer: NAWCTSD International), which was delivered to the United States Government actually kept USI's original offered prices and did not, in fact, make a 20% reduction - - despite Lab-Volt's claims to the contrary. Through discovery, USI also learned that many subsequent versions of the Pro-forma that were delivered to the United States Government also reflected USI's offered prices and thereby included USI's full profit margin and entitled USI to additional compensation.[2] Discovery

---

[2] On or about October 10, 2014, the United States Naval Air Warfare Training System Division, Orlando, Florida awarded a contract to Festo for the sale of training devices to the government of Oman for the MTCO in the amount of $11,099,361. These were prices established by USI, not the Lab-Volt/Festo list prices. Despite the successful award of the contract originally sourced by USI, and payment by the federal government to Festo, Festo has now refused to pay the compensation due to USI which obligation was repeatedly reaffirmed and ratified by Lab-Volt/Festo in communications with USI in April 2012, June 2012, October 2012, and May 2014.

8

of the fraudulent price reduction led to the First Amended Complaint. And, now, USI has reason to believe that Festo withheld informing USI about another contract for $4.7m, which was awarded to Festo for training equipment for MTCO and falls squarely within USI's exclusivity.

### B. USI Discovers Another Festo Sale and Festo's Continuing Fraud

To date, Festo has failed to provide full information relating to the MTCO transaction.[3] Now, USI recently discovered that Festo has concealed and failed to disclose a further FMS award by the United States Government to Festo for the MTCO for which USI would be entitled to additional substantial compensation.

Through a review and analysis of United States Government sources, including United States government websites regarding federal spending, USI discovered for the first time that another contract for $4,700,659 was awarded on May 21, 2015 to Festo by the United States Government for training equipment for MTCO. Based on this newly discovered information which was not provided to USI by Festo in discovery, the scope and price of the sales transactions between the parties has increased from approximately $11 million to over $15 million. And, the present "budget" for supplying Festo equipment to MTCO on an ongoing basis appears to have now been increased to over $21 million. Having now discovered Festo's continuing deception and USI's contractual right to substantially more compensation for these continuing FMS sales, USI seeks to amend its complaint again to add these new facts and assert this directly related new claim for damages.

---

[3] One glaring example, among many, is Festo's failure to provide its CEO's seminal correspondence dated November 12, 2015 to United States Government, related to USI's claims and payments to USI, which USI only obtained via the United States Government's production.

9

## ARGUMENT

**I.  UNDER THE LIBERAL STANDARD APPLIED TO MOTIONS FOR LEAVE TO AMEND, PLAINTIFF SHOULD BE GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT**

### A. Standard Applicable on Motions for Leave to Amend Under Rule 15

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). While courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." *Voilas v. General Motors Corp.,* 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted); see also *Smith v. Honeywell Int'l, Inc.,* 10-CV-03345-ES-JAD, 2014 WL 301031, at *8 (D.N.J. Jan. 27, 2014); 6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure § 1484, at 676 (3d. ed. 2017) ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."); *Spartan Concrete Products, LLC v. Argos USVI, Corp.,* 929 F.3d 107, 116 (3d Cir. 2019). "The Third Circuit has adopted a particularly liberal approach to the amendment of pleadings in order to ensure that `a particular claim will be decided on the merits rather than on technicalities.' *Hoffmann-La Roche Inc. v. Cobalt Pharm., Inc.,* Nos. 07-4539 (SRC), 07-4540 (SRC), 08-4054 (SRC), 2010 WL 3118574, *2 (D.N.J. Aug. 5, 2010) (citing *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990)). Therefore, a "general presumption exists in favor of allowing a party to amend its pleadings." *Del Sontro v. Cendant Corp.,* 223 F. Supp. 2d 563, 576 (D.N.J. 2002)

"[T]he decision to grant a motion to amend a pleading rests with the sound discretion of the district court." *Marlowe Patent Holdings LLC v. Dice Elecs., LLC,* 293 F.R.D. 688, 695

(D.N.J. 2013). The Supreme Court of the United States has set forth the standards to be applied by courts considering motions to amend under Rule 15(a):

> Rule 15(a) declares that leave to amend `shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should as the rules require, be `freely given.'

*Foman v. Davis,* 371 U.S. 178, 182 (1962). (internal citations omitted). The Third Circuit has interpreted that mandate as requiring that the District Court grant leave to amend in the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002); *see also Arthur v. Maersk, Inc.,* 434 F.3d 196, 204 (3d Cir. 2006) (stating that, generally, leave to amend should be granted "unless equitable considerations render it otherwise unjust."). None of the factors militating against the strong policy in favor of granting the amendment are present here. The "burden of demonstration substantial or undue prejudice" rests solely on the non-moving party. *Heyl & Peterson Int'l, Inc. v. F.D. Rich Housing, Inc.,* 663 F.2d 419, 426 (3d Cir. 1981).

### B.  There Are No Circumstances that Warrant Denial of Plaintiff's Motion

There are no circumstances that warrant the denial of USI's present motion to file the Second Amended Complaint. Indeed, there is an obvious absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive. *See Grayson,* 293 F.3d at 107-08.

11

USI's proposed amendments consist of: (1) an amended claim of damages based upon the newly discovered sales; and (2) additional clarifying factual allegations. *See* Certification of Erika Levin, Ex. A. As the Court is aware, discovery is ongoing and at least one deposition remains. The amendments proposed in the Second Amended Complaint will not unreasonably broaden the scope of discovery and USI does not contemplate extending existing discovery deadlines if leave to amend is granted. Hence there is no undue prejudice to Festo.

Plaintiff has moved swiftly to amend the complaint after discovery of facts previously unavailable to it and apparently withheld by Festo. There has been no dilatory conduct. USI only recently learned of the additional $4.7 million which was awarded to Festo in 2015 and has acted quickly to amend the pleadings. *See, e.g., Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir.1984) ("The question of undue delay, as well as the question of bad faith, requires that [the Court] focus on the plaintiff['s] motives for not amending [its] complaint to assert [the] claim[s] earlier; the issue of prejudice requires that [the Court] focus on the effect on the [defendant]."). *Luppino v. Mercedes-Benz USA, LLC,* No. 09-CV-5582 (DMC-JAD), 2012 WL 850743, at *2 (D.N.J. Mar. 8, 2012) ("Unfair prejudice is usually found when there has been a significant unjustified delay in moving to amend that creates an unfair disadvantage for the defendant.").

Plainly, USI's proposed amendments are not futile under any of the standards enunciated by this Court. Plaintiff's proposed amendment essentially provides new but similar allegations of continuing fraud and breach of contract resulting in more damages. Plaintiff's new allegations of fact and damages are certainly not futile under the liberal standard of motions to dismiss as made applicable for motions for leave to amend. Indeed, the Court

"must accept the factual elements alleged in the well-pleaded complaint as true." *Arevalo,* 2016 WL 4975199, at *5.

Futility exists only if the complaint, as amended, "would fail to state a claim upon which relief could be granted." *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000). *See also El v. Marino,* 772 Fed. Appx. 262, 265 (3d Cir. 2018). The same standard of legal sufficiency must be applied as under Fed. R. Civ. Pro. 12(b)(6). *Id.* "The Court's inquiry is whether the Plaintiff has pled `enough facts to state a claim to relief that is plausible on its face.'" *Bell Ad. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "When faced with a motion to dismiss for failure to state a claim, the court conducts a two-step analysis." *Arevalo v. Brighton Gardens, Sunrise Senior Living, LLC,* No. 15-2563 (MAS), 2016 WL 4975199, at *5 (D.N.J. Sept. 16, 2016) (citing *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). That analysis is as follows:

> First, the factual elements are separated from the legal elements of the claim. The court must accept the factual elements alleged in the well-pleaded complaint as true, but may disregard any legal conclusions. Second, the court must decide if the facts alleged are sufficient to show a plausible claim for relief. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* (internal citations and quotations omitted). Accordingly, under this standard, the amendment must be granted, because it states a plainly cognizable claim for common law fraud and breach of contract. *Jurimex Kommerz Transit G.MB.H v. Case Corp.,* 65 Fed. Appx. 803, 808 (3d Cir. 2003) (citing Rossman v. Fleet Bank (RI) Nat'l Assoc., 280 F.3d 384, 387 (3d Cir.2002)) (internal quotations omitted).

13

## **CONCLUSION**

For the reasons stated herein, Plaintiff USI International, Inc. respectfully requests that the Court grant Plaintiff's motion for leave to file a Second Amended Complaint.

                            BY:    /s/ *Autumn M. McCourt, Esq.*
                                    Autumn M. McCourt, Esq.
                                    E-Mail: amccourt@bracheichler.com
                                    101 Eisenhower Parkway, Roseland, NJ 07068
                                    Telephone: 973.228.5700
                                    Facsimile: 973.618.5931
Dated: October 9, 2020             *Attorneys for Plaintiff*