**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| USI INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> FESTO DIDACTIC INC., <br><br> Defendant. | Civil Action No. 15-8451 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff USI International, Inc.'s ("USI") Motion to Alter Judgment. (ECF No. 187.) Defendant Festo Didactic, Inc. ("Festo") opposed (ECF No. 188), and USI replied (ECF No. 189). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants USI's Motion, but modifies the pre- and post-judgment calculations as set forth below.

**I.   BACKGROUND**[1]

USI initiated this lawsuit against Festo for breach of contract and unjust enrichment under New Jersey common law.[2] The Court held a bench trial from August 29 through September 1, 2022, and separately heard the parties' summations on October 5, 2022. (*See generally* Trial Trs.,

---

[1] The Court adopts the factual background as recited in its November 29, 2022, Memorandum Opinion (the "November Opinion") (Nov. Op., ECF No. 183) and only provides additional background and procedural information where relevant for the instant Motion.

[2] Before trial, Festo moved for summary judgment only as to USI's common law fraud claim. (ECF No. 122.)

ECF Nos. 167-69, 171; *see* Min. Entry, ECF No. 181.) The parties submitted post-trial briefing and proposed findings of fact and conclusions of law. (ECF Nos. 173, 174.) In the November Opinion, the Court entered judgment ("Judgment") in favor of USI. (*See generally* Nov. Op.) There, the Court found Festo liable to USI for damages in the amount of $2,396,392.25, which represents the 25% commission agreed to between the parties on the price of equipment sold to the United States Navy. (*See id.* at 42.) The Court also found prejudgment interest is warranted here, "likely [to] be paid from the date that the U.S. Government paid Festo for the equipment and not the final warranty payment years later, as Festo suggests." (*Id.* at 43.) The Court declined to award punitive damages and attorneys' fees. (*Id.* at 44-46.)

In the accompanying order (the "November Order") (Nov. Order, ECF No. 184), the Court asked USI to file correspondence that included a proposed calculation of pre- and post-judgment interest, as well as any other motions under the Federal Rules of Civil Procedure, by December 13, 2022, with Festo to file any objections within fourteen days of USI's submission. (*Id.*)[3] The Court warned: "If USI fails to submit a proposed calculation of pre- and post-judgment interest or file any other motions by the above deadline, the Court will not award prejudgment interest." (*Id.*) Finally, the Court indicated that after the Court adjudicates USI's claims and any additional motions, Festo "shall deposit the total amount of judgment with the Clerk of the Court to be held in escrow," with all outstanding attorneys' liens to be adjudicated by the Honorable Tonianne J. Bongiovanni, U.S.M.J. (*Id.*)

On November 9, 2022, USI filed the instant Motion. USI seeks to alter the Judgment to permit recovery of "pre-judgment interest" computed at 16.4% compounded annually from September 24, 2015, the date when Festo received payments from the U.S. Government for the

---

[3] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

equipment. (*See* Pl.'s Moving Br. 4, ECF No. 187.) This "pre-judgment interest" would amount to $4,926,877.02, increasing the amount awarded in the Judgment from $2,396,392.25 to $7,323,269.27 (plus post-judgment interest). (*See id.*) Festo opposed, and USI replied. The Motion is now ripe for resolution.

**II.   LEGAL STANDARD**

Pursuant to Rule 59(e), a district court may alter or amend a final judgment to include prejudgment interest. *See Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 746-47 (3d Cir. 1990) (finding motions for prejudgment interest under New Jersey law are properly characterized as Rule 59(e) motions to alter or amend judgment). "The scope of a Rule 59(e) motion . . . is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Barrett Fin. of N. Jersey, LLC v. Creative Fin. Grp. of N.J.*, No. 13-5621, 2019 WL 2067552, at *5 (D.N.J. May 10, 2019) (internal citations omitted). In diversity cases, federal courts must apply state law to award prejudgment interest. *See Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 494 (1941); *Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982). The district court may exercise its discretion to require the payment of prejudgment interest "upon 'considerations of fairness' and prejudgment interest may be denied 'when its exaction would be inequitable.'" *Thabault v. Chait*, 541 F.3d 512, 533 (3d Cir. 2008) (quoting *Ambromovage v. United Mine Workers of Am.*, 726 F.2d 972, 982 (3d Cir. 1984)).

Under New Jersey law, "the award of prejudgment interest for claims arising in contract is subject to the discretion of the trial court." *Napp Techs., L.L.C. v. Kiel Lab'ys, Inc.*, No. 04-3535, 2008 WL 5233708, at *9 (D.N.J. Dec. 12, 2008) (internal citations omitted). An award of prejudgment interest is not intended to be punitive, but rather to be "compensatory, to indemnify the claimant for the loss of what the moneys due [to it] would presumably have earned if payment

3

had not been delayed." *Int'l Transp. Mgmt. Corp. v. Brooks Fitch Apparel Grp., LLC*, No. 11-1921, 2020 WL 5525510, at *3 (D.N.J. Sept. 14, 2020) (internal citation omitted).

The "basic consideration" in awarding pre-judgment interest is that the defendant "has had the use, and the plaintiff has not, of the amount in question; and the interest factor simply covers the value of the sum awarded for the pre[-]judgment period during which the defendant had the benefit of money to which the plaintiff is found to have been earlier entitled." *See County of Essex v. First Union Nat'l Bank*, 186 N.J. 46, 61 (2006) (citation omitted). Furthermore, "[a]n award of prejudgment interest for future loss is not allowed under New Jersey law." *Gleason v. Norwest Mortg., Inc.*, 253 F. App'x 198, 204 (3d Cir. 2007).

### III. DISCUSSION

#### A. Pre-Judgment Interest

USI contends that the calculation of pre-judgment interest in this matter should start on July 31, 2015, when Festo delivered the products and was paid. (Pl.'s Moving Br. 3.) USI further contends that fairness requires "the pre-judgment interest rate be based on a rate equal to the realized rate of Return on Investments of USI between the date USI was entitled to the benefit of monies and the day of judgement." (*Id.*) According to USI, "its rate of Return on Investments was independently audited during this period and has been realized exactly at a compound rate of 16.4% per annum for the duration between 2015 to date." (*Id.*) USI includes a declaration to that effect. (*See* Declaration of Burak Yahsi ("Yahsi Decl."), Pl.'s Moving Br., Ex. 1.) Compound interest is required, according to USI, because prejudgment interest is not paid to the plaintiff as it accrues but is retained by the defendant for over seven years until the judgment is enforced. (Pl.'s Moving Br. 4.) USI seeks as pre-judgment interest the average return on USI's equity during the applicable period because USI contends it would have used the money, had it been paid, in the course of its business. (*Id.*) Accordingly, USI requests that pre-judgment interested be calculated

at 16.4% compounded annually from September 24, 2015—when Festo received payments from the U.S. Government for the equipment—exclusive of warranty and training, through November 29, 2022, in the amount of $4,926,877.02, for a total principal and interest of $7,323,269.27.

Festo makes several arguments in opposition. The Court addresses each in turn.

*1.     Compliance with Judgment Order*

First, Festo contends that the Court should decline to award prejudgment interest because USI failed to comply with the November Order. (Def.'s Opp'n Br. 4, ECF No. 188.) Specifically, Festo contends that the instant Motion is not a good-faith calculation of pre- and post-judgment interest consistent with applicable law, as directed by the November Order, but is instead, "an improper collateral attack on the Judgment" because of how "brazenly excessive" USI's calculation is. (*Id.* at 5.) The Court sees no such collateral attack here. Simply put, USI complied with the deadline provided in the November Order. Festo's argument boils down to a mere disagreement with the numbers USI provided. This disagreement is not grounds to deny USI's pre-judgment interest for which USI is entitled, as the Court already ruled in the November Opinion.

*2.     Proper Calculation of Prejudgment Interest*

In the alternative, Festo contends that USI is entitled to prejudgment interest of $515,214.06 only; essentially, Festo contends that the judgment should bear simple, as opposed to compound, interest. (*See* Def.'s Opp'n Br. 7-9.) USI did not respond to this argument—instead only filing a one-page reply correspondence responding to Festo's first argument on USI's compliance with the November Order. (*See generally* Pl.'s Reply Br., ECF No. 189.)

"[New Jersey Court Rule ("N.J. Ct. R.")] 4:42-11(a)(ii) sets the interest rate for judgments in tort actions, which 'absent unusual circumstances,' is also used for contract-based claims." *AMA Realty LLC v. 9440 Fairview Ave. LLC*, No. 13-457, 2020 WL 6559204, at *9 (D.N.J. Nov. 9, 2020) (quoting *Amba v. Rupari Food Servs., Inc.*, No. 10-4603, 2016 WL 6471019, at *4 (D.N.J.

5

Oct. 31, 2016)). "Absent unusual circumstances . . . courts should refer to N.J. Ct. R. 4:42–11(b) when determining the rate of pre-judgment interest to be awarded." *Napp Techs., L.L.C.*, 2008 WL 5233708, at *9. Here, there are no unusual circumstances. Thus, the Court will award pre-judgment interest at the rate stipulated by N.J. Ct. R. 4:42–11(b).

Pursuant to N.J. Ct. R. 4:42–11(a)(iii), "for judgments exceeding the monetary limit of the Special Civil Part, which is $15,000," as is this case here, "prejudgment interest shall be calculated at the rate provided in subparagraph (a)(ii) plus 2% per annum." *See Devine v. Advanced Computer Concepts Inc.*, No. 08-87, 2009 WL 78158, at *3 (D.N.J. Jan. 9, 2009). The applicable interest rate is calculated by adding 2% to the Cash Management Fund Rate. *Amba*, 2016 WL 6471019, at *4. The applicable prejudgment interest rates for the relevant years are as follows:[4]

**Annual Rates**

| Year | Cash Management Fund Rate | Adjustment | Adjusted Prejudgment Interest Rate |
|---|---|---|---|
| 2015 | 0.25% | 2% | 2.25% |
| 2016 | 0.25% | 2% | 2.25% |
| 2017 | 0.5% | 2% | 2.5% |
| 2018 | 0.5% | 2% | 2.5% |
| 2019 | 1.5% | 2% | 3.5% |
| 2020 | 2.5% | 2% | 4.5% |
| 2021 | 1.5% | 2% | 3.5% |
| 2022 | 0.25% | 2% | 2.25% |

As a preliminary matter, the Court agrees with Festo that the award of prejudgment interest should be calculated using simple, not compounded, interest. *See Int'l Transp. Mgmt. Corp.*, 2020 WL 5525510, at *4 ("[N.J. Ct. R.] 4:42-11(a), which . . . has been relied upon by New Jersey

---

[4] *See* https://www.njcourts.gov/sites/default/files/courts/civil/postprejudgmentrates.pdf.

courts as a guide in determining whether to compound prejudgment interest in contract disputes, expresses a preference that judgment bear simple, as opposed to compound, interest.").

Next, the Court determines the date on which prejudgment interest starts to accrue. *County of Essex*, 186 N.J. at 61-62. As mentioned in the November Opinion, the Court concludes that prejudgment interest should be paid from the date that the U.S. Government paid Festo for the equipment. (*See* Nov. Op. 43.) Festo received an initial payment of $5,046,882.26 on August 25, 2015, and received payment of the remaining balance in the amount of $4,538,686.74 on September 25, 2015.[5] Thus, as applied to the Judgment and displayed below, the prejudgment interest awarded to Festo is $515,214.06:

**Prejudgment Interest Accrued**

| Year | Interest Rate | Judgment | Per Diem | Days | Interest Owed |
|---|---|---|---|---|---|
| 2015 | 2.25% | $1,318,015.74 | $81.24 | 31[6] | $2,518.67 |
| 2015 | 2.25% | $2,396,392.25 | $147.72 | 97 | $14,328.84 |
| 2016 | 2.25% | $2,396,392.25 | $147.31 | 366[7] | $53,918.82 |
| 2017 | 2.5% | $2,396,392.25 | $164.13 | 365 | $59,909.80 |
| 2018 | 2.5% | $2,396,392.25 | $164.13 | 365 | $59,909.80 |
| 2019 | 3.5% | $2,396,392.25 | $229.79 | 365 | $83,873.72 |
| 2020 | 4.5% | $2,396,392.25 | $294.63 | 366 | $107,837.65 |
| 2021 | 3.5% | $2,396,392.25 | $229.79 | 365 | $83,873.72 |

---

[5] According to Festo, "there is no clear record of the date upon which Festo actually received payment from the U.S. [G]overnment," but "[t]he parties have discussed and stipulated to the aforementioned dates and amounts of the payments." (Def.'s Opp'n Br. 12 n.5.) USI did not contest these numbers or dates in any reply, so the Court takes them to be true.

[6] USI's commission of 25% on the initial payment ($5,046,882.26 on August 25, 2015) equals $1,318,015.74 (after accounting for training and warranty). (Def.'s Opp'n Br. 12 n.6.)

[7] 2016 and 2020 were leap years, adding one additional day to the calculation of the per diem but not affecting the statutory per annum rate. (Def.'s Opp'n Br. 12 n.7.)

| 2022 | 2.25% | $2,396,392.25 | $147.72 | 332[8] | $49,043.04 |
|------|-------|---------------|---------|--------|------------|
|      |       |               |         |        | **$515,214.06** |

### B. Post-Judgment Interest

While USI acknowledges that post-judgment interest in federal court is governed by statute, USI requests that post-judgment interest "be calculated consistent with the pre-judgment interest theory based on return of investment at a rate of 16.4%," which would result in the amount of $1,076.74 per day post-judgment. (Pl.'s Moving Br. 4-5.) Festo contends that USI is entitled to post-judgment interest in the amount of $313.17 per day. The Court agrees with Festo.

"Post-judgment interest in federal court is governed by 28 U.S.C. § 1961, even in matters arising under diversity jurisdiction." *Geiss v. Target Corp.*, No. 09-2208, 2015 WL 5227620, at *2 (D.N.J. Sept. 8, 2015), at *5 (citing *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988)); *see also Talen Energy Mktg., LLC v. Aluminum Shapes, LLC*, No. 19-4303, 2021 WL 534467 (E.D. Pa. Feb. 12, 2021) ("As a general rule in federal cases where jurisdiction is based on diversity of citizenship, federal courts have held that post-judgment interest is governed by the federal post-judgment interest statute rather than by state law.").

Under 28 U.S.C. § 1961, a post-judgment interest award is mandatory. *See Dunn v. HOVIC*, 13 F.3d 58, 60 (3d Cir. 1993). Post-judgment interest begins to run from the date of the entry of judgment and is computed daily until the judgment is paid in full. *Id.* Section 1961(a) directs that the post-judgment interest rate be set as "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." *Ifergan v. Ovadia*, No. 20-1064, 2021 WL

---

[8] Calculation of prejudgment interest runs until the date of the Judgment, which was entered on November 29, 2022. (*See generally* Nov. Op.; Nov. Order.)

9667969, at *2 n.3 (D.N.J. July 12, 2021). "Section 1961(b) further directs the Court to compute interest "daily to the date of payment" and to "compound [interest] annually." *Int'l Transp. Mgmt. Corp.*, 2020 WL 5525510, at *5.

"[U]nder § 1961(a), an award must be granted pursuant to a 'money judgment' to trigger post-judgment interest"; to count as a money judgment, a judgment must include both "'an identification of the parties for and against whom judgment is being entered,'" and "'*a definite and certain designation of the amount . . . owed.*'" *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 175 (3d Cir. 2010) (citation omitted) (emphasis in original).

Here, in the November Opinion, the Court entered a Judgment in the amount of $2,396,392.25. Pursuant to 28 U.S.C.A. § 1961(a), the applicable rate of interest is 4.77%. (*See* Declaration of Gregory F. Hauser ("Hauser Decl."), Def.'s Opp'n Br., Ex. B (providing a Federal Reserve chart showing interest rates for November 22 – November 29, 2022).); *see also* 28 U.S.C.A. § 1961(a) (establishing that post-judgment interest is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the judgment").

The Court will award post-judgment interest on the $2,396,392.25 award beginning on November 29, 2022, the date Judgment was entered. Accordingly, post-judgment shall accrue in the daily amount of $313.17, accruing annually, from November 29, 2022, until the date of payment. The Court will award post-judgment interest on the prejudgment interest beginning on the date of entry of the final judgment quantifying the amount of prejudgment interest owed to

9

USI in accordance with this Opinion. *See Amgen Inc. v. Hospira, Inc.*, 336 F. Supp. 3d 333, 366 (D. Del. 2018), *aff'd*, 944 F.3d 1327 (Fed. Cir. 2019).[9]

**IV.   DISCUSSION**

For the foregoing reasons, USI's Motion to Alter Judgment is **GRANTED**. The Court grants prejudgment in an amount of $515,214.06. The Court also awards post-judgment interest at a rate of 4.77% to be applied to the award of $2,396,392.25; that interest will compound annually, and will accrue from November 29, 2022, until the date of payment. An appropriate Order accompanies this Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[9] Post-judgment interest may only accrue once a "judgment quantifying that award has been entered." *Int'l Transp. Mgmt. Corp., LLC*, 2020 WL 5525510, at *4. Accordingly, the calculation of post-judgment interest contained herein is based on the amount of the award quantified in the November Opinion, only, which does not include prejudgment interest. Once the Court enters this Opinion, post-judgment interest on that additional amount shall begin to accrue on the date that this final judgment is entered, and not as of the date of entry of the original judgment (i.e. Nov. 29, 2022). *See, e.g., Amgen Inc.*, 336 F. Supp. at 336 (awarding post-judgment interest on prejudgment interest beginning on the date of entry of the final judgment quantifying the amount of prejudgment interest owed).